IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–00656–CMA–KMT

SUNLUST PICTURES, LLC,

      Plaintiff,

v.

JOHN DOE,

      Defendant.

---

# ORDER

---

      This matter is before the court on "Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference" (Doc. No. 6, filed Mar. 16, 2012 [Mot.]) and the Memorandum of Law in Support of Plaintiff's Motion (Doc. No. 7, filed Mar. 16, 2012 [Memo.]). In this case, Plaintiff alleges that Defendant John Doe and his unidentified joint tortfeasors used BitTorrent protocol, a "modern file sharing method," to infringe upon Plaintiff's copyrighted material. (*See* Doc. No. 1, filed Feb. 15, 2012 [Compl.].) In its Motion, Plaintiff seeks a court order authorizing it to issue subpoenas pursuant to Fed. R. Civ. P. 45 to Internet Service Providers (ISPs) that provided internet services to Defendant and his joint tortfeasors. (*See* Mot.)

      First, as a general rule, the use of "John Doe" or other fictitious names to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (internal citation omitted). However, circumstances arise "where the identity of alleged defendants will

not be known prior to the filing of a complaint." *Id.* (internal citations omitted).  In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.  *Id.* (internal citations omitted); *see also Tracfone Wireless, Inc.*, 642 F.Supp.2d 1354, 1361 (S.D. Fla. 2009).

Plaintiff believes that without this information, it cannot serve Defendant nor pursue this lawsuit.  Additionally, Plaintiff believes that "physical evidence of infringement will be destroyed with the passage of time" and that Defendant's "alleged infringement is ongoing and continuous, necessitating immediate relief to prevent irreparable harm to Plaintiff."  (Memo. at 4.)  As such, Plaintiff proposes to serve subpoenas pursuant to Fed. R. Civ. P. 45 on Defendant's and his joints tortfeasors' ISPs, who Plaintiff maintains can use the Defendants' Internet Protocol ("IP") addresses to identify Defendants, as well as any related intermediary ISPs.

Federal Rule of Civil Procedure 26(d) generally provides that formal discovery will not commence until after the parties have conferred as required by Rule 26(f).  *Qwest Commc'ns Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).  However, Rule 26(d) goes on to explain that discovery may be conducted prior to a Rule 26(f) conference "when authorized by . . . court order."  Fed.R.Civ.P. 26(d); *Arista Records, LLC v. John Does 1-19*, 551 F.Supp.2d 1, 6 (D.D.C. 2008).  In this district, courts have permitted such expedited discovery upon a showing of good cause.  *Pod-Ners v. Northern Feed & Bean of Lucerne Ltd.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (citing *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D.

612, 614 (D. Ariz. 2001)) (finding good cause exists for expedited discovery in cases involving infringement and unfair competition).

The court finds that good cause exists to permit Plaintiff to conduct expedited discovery to ascertain the identities of Defendant and his joint tortfeasors. Indeed, this case is similar to *Arista Records*, where the court permitted expedited discovery to identify defendant allegedly engaged in copyright infringement by downloading and distributing the plaintiffs' recording using an "online media distribution system." 551 F.Supp. 2d at 3. There the court found that the plaintiffs had set forth good cause for expedited discovery because the "[d]efendants must be identified before this suit can progress further." *Id.* at 6.

Much like the *Arista Records* defendants, Defendant and his joint tortfeasors have engaged in anonymous online behavior, which will likely remain anonymous unless Plaintiff is able to ascertain their identities. Thus, Plaintiff reasonably believes that there are no practical methods to discover Defendant's and his joint tortfeasors' identities without court-ordered discovery. Accordingly, because it appears likely that Plaintiff will be thwarted in its attempts to identify Defendant and his joint tortfeasors without the benefit of formal discovery mechanisms, the court finds that Plaintiff should be permitted to conduct expedited discovery, pursuant to Fed. R. Civ. P. 45, for the limited purpose of discovery the identities of Defendant and his joint tortfeasors.

Therefore, for the foregoing reasons, it is

ORDERED that "Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference" (Doc. No. 6) is GRANTED and DENIED in part.

Plaintiff's Motion is GRANTED as follows:  Plaintiff may serve subpoenas pursuant to Fed. R. Civ. P. 45 on Defendant's and his joint tortfeasors' ISPs and any other entity identified as a provider of internet services to Defendant or his joint tortfeasors prior to the Fed. R. Civ. P. 26(f) conference for the limited purpose of discovering Defendant's and his joint tortfeasors' identities.  Plaintiff and any party receiving a subpoena pursuant to this Order should consult Fed. R. Civ. P. 45 as to (1) the propriety of any subpoena issued pursuant to this Order, (2) the allocation of costs resulting from complying with such a subpoena, and (3) the timeliness of a motion to quash such a subpoena.

Plaintiff's Motion is DENIED as to the additional relief stated in the proposed order located at Doc. No. 6-2.

Dated this 22nd day of March, 2012.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge