**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

SUNLUST PICTURES, LLC,

    Plaintiff,

v.

JOHN DOE,

    Defendant.

CASE NO. 1:12-cv-00656

Judge: Hon. Christine M. Arguello

Magistrate Judge: Hon. Kathleen M. Tafoya

**PLAINTIFF'S RESPONSE TO MOVANT'S LETTER**

Catherine Clanton ("Movant") filed a letter with the Court requesting "for this matter to be quashed." (ECF No. 11.) The Court interpreted this request as a motion to dismiss. (*See* ECF Nos. 11-13.) Movant denies infringing on Plaintiff's copyrighted work and explains that she has addressed this matter with her children and their friends (*Id.*) Movant cannot be dismissed from this case because she is not a party to it.

**ARGUMENT**

At the present time, Movant is simply a third party on notice of her status as a potential party to the action. Courts agree that unserved individuals are not yet "parties" to an action. *Sampson v. Village Discount Outlet, Inc.*, No. 93-3296, 1994 WL 709278, at *2 (7th Cir. Dec. 16, 1994); *Flex Homes, Inc. v. Ritz-Craft Corp of Michigan, Inc.*, No. 07-1005, 2008 WL 746669, at *1 n.2 (N.D. Ohio Mar. 18, 2008) (holding that the unserved individual is "not a party to th[e] motion to dismiss"). As a nonparty, Movant cannot move for dismissal on behalf of actual parties. *MCGIP, LLC v. Does 1–14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 ("The Does may raise these issues when plaintiff has named them as defendants, *if that action*

1

*occurs*.") (emphasis added); *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *2 (D.D.C. May 12, 2011) ("[T]he plaintiff may, based on its evaluation of [putative defendants'] assertions, decide not to name these individuals as parties in this lawsuit. On the other hand, the plaintiff may decide to name them as defendants in order to have an opportunity to contest the merits and veracity of their defenses . . . .").

If Movant's assertions— namely that she is a single mother, lives in Tennessee and that one of her children's friends used her Internet account to infringe on Plaintiff's works— are true, then Plaintiff can see no reason why it would attempt to name Movant as a party to this action. The primary use of Movant's identifying information will be to determine who used her Internet account to infringe on Plaintiff's copyrighted work and then ascertain the damages caused by that infringer. If Plaintiff is unable to name the infringer to this action, then it will seek damages on a joint and several basis against the defendant in this action under theories of civil conspiracy and contributory infringement. The defendant in this action is a member of a group that is responsible for leaking Plaintiff's copyrighted works to the Internet, and thus is ostensibly jointly and severally liable for the damages caused by the chain of unauthorized distribution.

## CONCLUSION

The Court should deny Movant's motion. Movant's implied request to be treated as a party to this action should be denied. Even if Movant is not the infringer, Plaintiff needs the information to identify the actual infringer. Movant's request is substantially moot.

[intentionally left blank]

Respectfully submitted,

Sunlust Pictures, LLC

DATED: May 2, 2012

By: <u>s/ Timothy V. Anderson</u>
*Timothy V. Anderson, Esq.*
Anderson & Associates, PC
2492 North Landing Rd, Ste 104
Virginia Beach, VA 23456
Telephone: (757) 301-3636
FAX: (757) 301-3640
E-mail: timanderson@virginialawoffice.com
Attorney for Plaintiff Sunlust Pictures, LLC

3

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 2, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, and that a true and correct copy of the foregoing was sent via First-Class, postage prepaid to:

Catherine Clanton
316 Vista Dr.
Chattanooga, TN 37411

              /s/ Timothy V. Anderson
              Timothy V. Anderson, Esq.