IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–00656–CMA–KMT

SUNLUST PICTURES, LLC,

    Plaintiff,

v.

JOHN DOE,

    Defendant.

---

# ORDER

---

    This matter is before the court on a handwritten letter, dated April 10, 2012, filed by Interested Party Catherine Clanton. (Doc. No. 11, filed Apr. 19, 2012.) In that letter, Ms. Clanton "request[s] for this matter to be quashed." (*Id.*) As grounds therefor, Ms. Clanton maintains that she is a single mother of four children and, although she permits her children to use her computer as a source of entertainment, she "keep[s] a close watch on what they do or see" and does not permit them to download material from the internet. (*Id.*) Consequently, because Plaintiffs' Complaint alleges copyright infringement of an adult video, Ms. Clanton insists that there "must be some confusion." (*Id.*)

    The court has construed Ms. Clanton's letter to be a Motion to Dismiss, and therefore requested that Plaintiff respond. (*See* Minute Order, Doc. No. 13, filed Apr. 23, 2012.) Plaintiff

filed its Response on May 2, 2012.  (Doc. No. 14.)[1]  In its Response, Plaintiff argues that Ms. Clanton cannot be dismissed from this action as she has yet to be named as a party.  (*Id.*)  Plaintiff further suggests that, if Ms. Clanton's representations are true, it can see no reason why it would attempt to name Ms. Clanton as a party to this action.  (*Id.*)

While the court empathizes with Ms. Clanton's concerns, the court agrees with Plaintiff that her Motion is premature.  At this juncture, Plaintiff is not a party to this action, and therefore does not have standing to seek to have this action dismissed.  *See* Fed. R. Civ. P. 12(b) ("[A] *party* may assert [Rule 12(b)] defenses by motion . . . .") (emphasis added); *see also Fed. Sav. & Loans Ins. Corp. v. Tullos-Pierremont*, 894 F.2d 1469, 1475 (5th Cir. 1990) (under common law, unserved parties are nonparties); *Kimes v. Laboratory Corp. of America, Inc.,* 1:00-cv-01093, 2002 WL 31812919, at *1 (M.D.N.C. Dec. 13, 2002) (a nonparty lacks standing to bring a motion to dismiss); *Wasson v. Riverside Cnty.,* 237 F.R.D. 423, 424 (C.D. Cal. 2006) (same).  Therefore, at this juncture, Ms. Clanton's Motion is properly denied as premature.  However, the court emphasizes that Ms. Clanton is not barred from filing a proper motion to dismiss *if* and

---

[1]Although the court has not permitted Ms. Clanton an opportunity to file a reply, the court notes that it may rule on a motion at any time after it is filed.  D.C.COLO.LCivR 7.1.

when she is named as a defendant in this action.

Therefore, it is

ORDERED that Interested Party Clanton's handwritten letter (Doc. No. 11), which the court construes as a Motion to Dismiss, is DENIED without prejudice as premature.

Dated this 16th day of May, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge