Case 1:12-cv-00656-CMA-KMT Document 25 Filed 05/18/12 USDC Colorado Page 1 of 10

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 18 2012

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

SUNLUST PICTURES, LLC
    Plaintiff,
v.

JOHN DOE, (98.165.183.92)
    Defendant

Civil Action No. 12-cv-00656-CMA-KMT

MOTION TO QUASH OR MODIFY SUBPOENA

## MOTION TO QUASH OR MODIFY SUBPOENA

I received a letter from my ISP regarding a subpoena, which included a copy of the Order Granting Plaintiff's Application for Leave to Take Discovery.

From accounts of previous defendants of Prenda Law, Inc. (Formerly Steele Hansmeier, PLLC), these subpoena notifications are followed by demand letters. These letters -- which demand around $2900 to avoid dealing with their lawsuit[1] -- and their phone calls, which are persistent[2], are the reason I am filing this motion, and for this reason, I respectfully request that I be allowed to do so without revealing my personally identifying information.

## INTRODUCTION

To cut court costs while suing as many individuals as possible, Plaintiff's counsel, Paul Duffy is using improper joinders in their mass lawsuits alleging copyright infringement through BitTorrent. These lawsuits include over twenty-thousand defendants in the Northern District of California alone. Prenda Law, Inc. (Formerly Steele Hansmeier Formerly Steele Law Firm, LLC) also has mass lawsuits in Illinois, including a BitTorrent case nearly identical to this one, *CP Productions, Inc. v. Does 1-300 case 1:2010cv06255*, and in this case the court notes before dismissal:

> [I]f the 300 unnamed defendants have in fact infringed any copyrights (something that this court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap -- if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.

---

1 Google search: "steele hansmeier letter"
2 Google search: "steele hansmeier phone calls"

Later, Judge Milton Shadur writes about Steele Hansmeier's abuse of the litigation system "in more than one way" with its "ill-considered" lawsuit:

> This Court has received still another motion by a "Doe" defendant to quash a subpoena in this ill-considered lawsuit filed by CP Productions, Inc. ("CP") against no fewer than 300 unidentified "Doe" defendants – this one seeking the nullification of a February 11, 2011 subpoena issued to Comcast Communications, LLC. This Court's February 24, 2011 memorandum opinion and order has already sounded the death knell for this action, which has abused the litigation system in more than one way. But because the aggrieved Doe defendants continue to come out of the woodwork with motions to quash, indicating an unawareness of this Court's dismissal of this action, 1 CP's counsel is ordered to appear in court on March 9, 2011 at 9:00 a.m. Counsel will be expected to discuss what steps should be taken to apprise all of the targeted "Doe" defendants that they will not be subject to any further trouble or expense as a result of this ill-fated (as well as ill-considered) lawsuit.
> *CP Productions, Inc. v. Does 1-300 case 1:2010cv06255 (dismissed ALL John Doe defendants)*

In another Steele Hansmeier BitTorrent case in Illinois, Judge Harold A. Baker writes in denying the motion for expedited discovery:

> Plainly stated, the court is concerned that the expedited *ex parte* discovery is a fishing expedition by means of a perversion of the purpose of and intent of Fed. R. Civ. P. 23.
> *VPR Internationale vs. Does 1-1017 case 2:2011cv02068*

In the Northern District of California, these nearly identical BitTorrent cases have been severed for improper joinder:

> *Pacific Century International LTD v. Does 1-101 case 4:2011cv02533 (severed does 2-101)*
> *IO Group, Inc. v. Does 1-435 case 3:2010cv04382 (severed does 2-435)*
> *Diabolic Video Productions, Inc v. Does 1-2099 case 5:2010cv05865 (severed Does 2-2099)*
> *New Sensations, Inc v. Does 1-1768 case 5:2010cv05864 (severed Does 2-1768)*

In yet another nearly identical BitTorrent case, filed in the Northern District of California by Steele Hansmeier, *Millennium TGA, Inc v. Does 1-21 case 3:2011cv02258*, Judge Samuel Conti found the same joinder problems, and wrote in his order denying request for leave to take early discovery, "This Court does not issue fishing licenses;" And these nearly identical BitTorrent cases in the Northern District of California by the same plaintiff Boy Racer, again represented by Steele Hansmeier, have been severed for improper joinder:

> *Boy Racer, Inc v. Does 1-52 case 5:2011cv02329 (severed Does 2-52)*
> *Boy Racer, Inc v. Does 1-71 case 5:2011cv01958 (severed Does 2-72)*

## ARGUMENT

1) **Plaintiff Has Improperly Joined over 1300 Individual Defendants Based on Entirely Disparate Alleged Acts**

The Plaintiff's joinder of over 1300 defendants in this single action is improper and runs the tremendous risk of creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal courts in both the RIAA cases and elsewhere. As one court noted:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . .
> Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.
> *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants).

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Specifically:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20. Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met:

(1) the right to relief must be "asserted against them jointly, severally or in the alternative"; (2) the claim must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences"; **and** (3) there must be a common question of fact or law common to all the defendants. *Id.*

Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts across the country. In *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same

way. The court explained: "[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 WL 544992, at *2. In *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court *sua sponte* severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement. See also *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement); *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

Plaintiff may argue that, unlike the RIAA cases, its allegations here are based upon use of the Internet to infringe a single work. While that accurately describes the facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. See BMG Music v. Does 1-203, 2004 WL 953888, at *1.

Nor does the analysis change because the BitTorrent protocol works by taking small fragments of a work from multiple people in order to assemble a copy. Nearly all of the older protocols in the aforementioned cases work in this fashion. Kazaa, eDonkey and various Gnutella clients (e.g., LimeWire) have incorporated multisource/swarming downloads since 2002.[1]

Discussions of the technical details of the BitTorrent protocol aside, the individual Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no allegation that any copy of the work they downloaded came jointly from any of the Doe defendants. Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here.

Because this improper joining of these Doe defendants into this one lawsuit raises serious questions of individual fairness and individual justice, the Court should sever the defendants and "drop" John Doe of IP address 98.165.183.92, from the case.

*See* Fed. R. Civ. P. 21.

## 2) PLAINTIFF FAILS TO MAKE A PRIMA FACIE SHOWING ALLEGING PERSONAL JURISDICTION OVER THE DOE DEFENDANTS

In the present case, Plaintiff fails to make even a prima facie demonstration of personal jurisdiction over the Defendants. The Court may deny discovery if the plaintiff cannot make a prima face case for personal jurisdiction over a defendant.[2] When ascertaining whether jurisdiction is proper, the Court applies the law of the forum state.[3] The due process clause of the United States Constitution requires that an out-of-state defendant has the requisite "minimum contacts" with the forum state to ensure the suit comports with "traditional notions of fair play and substantial justice."

Equally significant, as the United States Supreme Court has recently elucidated, a complaint

---

[1] http://gondwanaland.com/mlog/2004/12/30/deployment-matters/
[2] Digiprotect USA Corp. v. Does 1-240, No. 10 Civ. 8760 (S.D.N.Y., 2011); Digiprotect USA Corp. v. Does 1-266, No. 10 Civ. 8759(S.D.N.Y., 2011); See Best Van Lines, Inc. v. Walker, 490 F.3d 239, 255 (2d Cir. 2007).
[3] Fort Knox Music Inc. v. Baptiste, 203 F.3d 193, 196 (2d Cir. 2000).

requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.[1] Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true, and the complaint must assert plausible grounds for relief.[2] Moreover, "[a]sking for plausible grounds does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [of the purported wrongdoing]".[3] As the Court went on to explain, something beyond the mere possibility of a cause of action must be alleged, lest a plaintiff with "a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an in terrorem increment of the settlement value." As such, complaints that fail to meet such threshold should be dismissed in advance of the discovery process.[4]

In the present case, the Plaintiff has the burden of pleading that jurisdiction is proper. Despite this, even with the most favorable reading of Plaintiff's Complaint, the Complaint does not assert anything beyond mere legal conclusions, and it certainly does not assert plausible grounds for relief against the Defendants. It does not allege any facts that would lead one to believe that the long-arm jurisdiction is satisfied, nor does the Complaint allege any facts that would lead one to believe that Defendants possess sufficient minimum contacts with New York to satisfy constitutional due process requirements. The notion that an allegation that Defendants are part of the same "swarm" for any alleged file sharing has been expressly rejected by Courts throughout the country as a basis of conferring jurisdiction.[5] As such, as the Supreme Court has indicated, discovery pertaining to the Defendants must not be allowed to proceed and the action should be dismissed. Indeed, the underlying rational elucidated by the Supreme Court is applicable here: namely, allowing this matter to proceed will allow a largely groundless claim be allowed to take up the time of a number of people, and shall represent an in terrorem increment of this action's settlement value.

---

1 Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-56 (2007); Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).
2 Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007).
3 Id.
4 Id.; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 & 1953 (2009).
5 See e.g., K-Beech, Inc., v. John Does 1-85, No. 3:11cv469-JAG (E.D. Va., Oct. 5, 2011).

This Court would not be the first to dismiss the Plaintiff's lawsuits for failure to make a prima facie showing of personal jurisdiction. Indeed, the District Court for the Southern District of New York has dismissed similar John Doe lawsuits involving the alleged file sharing of pornography due to improper jurisdiction.[1] This Court, in analyzing whether sufficient contacts were met to confer jurisdiction under New York's long arm statute, ultimately concluded that jurisdiction was not proper by relying on a due process analysis. Judge Griesa explained that, even assuming arguendo willful copyright infringement occurred: Digiprotect has made no showing the Doe defendants expected or should have expected their downloading of this film to have consequences in New York, particularly when the producer of the film is located in California. Furthermore, Digiprotect surely has no basis from which to allege that the unknown defendants derived substantial revenue from interstate or international commerce. Since Digiprotect can thus make no prima facie showing of long-arm jurisdiction over out-of-state defendants, it is left with only those defendants present in the jurisdiction, over whom the court has in personam jurisdiction.[2]

Judge Crotty made a similar ruling, and subsequently dismissed the entire case.[3] Likewise, in this case, even if the alleged file sharing took place (which is a fact Defendant vehemently deny), there is simply no way it could be argued that Defendant had a reasonable expectation that he would be hailed into Colorado to such that it would satisfy a due process analysis. Even an examination of the case caption and Plaintiffs' pleadings sets forth that the Plaintiff is from California. There is quite simply no way that Plaintiff can argue Defendant could have been expected to be hailed to New York, even if Defendant shared Plaintiff's film (which did not occur). Likewise, because Plaintiff does not even know the identify of Defendant, Plaintiff lacks the ability to form a basis to make a good faith assertion that Defendant has availed himself of the privilege of doing business in Colorado. In light of recent United States Supreme Court jurisprudence, the Plaintiff's Complaint falls far short of providing plausible grounds for the relief it seeks, much less provides for factual allegations that raise a right to relief above the speculative level.[4]

---

[1] Digiprotect USA Corp. v. Does 1-240, No. 10 Civ. 8760 (S.D.N.Y., 2011); Digiprotect USA Corp. v. Does 1-266, No. 10 Civ. 8759 (S.D.N.Y., 2011).
[2] Order Dismiss. Comp., Digiprotect USA Corp. v. Does 1-266, No. 10 Civ. 8759(S.D.N.Y., 2011).
[3] Digiprotect USA Corp. v. Does 1-240, No. 10 Civ. 8760 (S.D.N.Y., 2011).
[4] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-56 (2007); Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

### 3) THE SUBPOENA MUST BE QUASHED, OR AT A MINIMUM, A PROTECTIVE ORDER SHOULD BE ISSUED

Based on the issues detailed above, Defendant requests that the subpoena issued to its ISP be quashed by dismissing Defendant from this suit due to Plaintiff's misjoinder and failure to make a prima facie showing of personal jurisdiction, or by implication of severing the Defendant from this suit. This would follow the trend of other courts throughout the nation, all of which have quashed subpoenas issued by Plaintiff or similar litigants due to the issues of misjoinder or lack of personal jurisdiction.[1]

Notwithstanding the foregoing, FRCP Rule 26(c) provides that, upon moving the Court and for good cause shown, the court may make any order to protect a party or person from issuing an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. The discretion provided to the Court to prohibit or limit discovery is broad, and is merely reviewed on an abuse of discretion standard.[2] Moreover, because the potential for invasion of privacy is inherent in the litigation process, a court should act to protect the privacy of the affected person.[3]

In the present case, the risk to the Defendant of annoyance, embarrassment, and oppression, is extraordinarily high. Plaintiff produces explicit hardcore pornographic films. Even though the Defendant denies sharing any such film, the Defendant faces an inherent risk of embarrassment if its name is associated with the alleged sharing of such a pornographic film.

Indeed, Defendant's counsel has communicated with other individuals who proclaim their innocence, but nonetheless wish to settle this case simply to avoid the embarrassment and stigma of having their names attached to a pornographic film. As such, when an internet search for a particular Defendant yields results

---

[1] Patrick Collins, Inc, v. Does 1-1,219, Case 4:10-cv-04468-LB (D. Cal. 2011); Digiprotect USA Corp. v. Does 1-266, No. 10 Civ. 8759 (S.D.N.Y., 2011); Patrick Collins, Inc. v Does 1-118, No. 3:10-CV-92 (N.D.W.V. 2010); Patrick Collins, Inc. v Does 1-281, No. 3:10-CV-91 (N.D.W.V. 2010); Digiprotect USA Corp. v. Does 1-240, No. 10 Civ. 8760 (S.D.N.Y., 2011); Diabolic Video Productions, Inc. v Does 1-2099, No. 10-cv-5865-PSG (N.D. Cal, 2010); Raw Films, Ltd., v John Does 1-32, No. 3:11cv532 (E.D. Va., Oct. 5, 2011); BMG Music v. Does 1-203, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004); Millennium Tga Inc. v. Does 1-21, No. 11-2258 SC (N.D. Cal. May 12, 2011); Boy Racer, Inc. v. Does 1-60, No. C 11-01738 SI (N.D.Cal. Aug 19. 2011); IO Group, Inc. v. Does 1-435, No. 10-4382, 2011 WL 1219290; (N.D. Cal. Jan. 10, 2011); Lightspeed v. Does 1-1000, No. 10 C 5604 (N.D. Ill. March 31, 2011); On the Cheap, LLC v Does 1-5011, No 3:10-cv-04472-BZ (N.D. Cal Sept 6, 2011); West Coast Productions v. Does 1-2010, No. 3:10-CV-93 (N.D. W.Va., Dec. 16, 2010); Laface Records, LLC v. Does 1-38, 2008 WL 54992; (E.D.N.C. Feb. 27, 2008).

[2] McCarthy v. Barnett Bank of Polk County, 876 F.2d 89, 91 (11th Cir. 1989).

[3] See in re Alexander Grant & Co. Litigation, 820 F.2d 352, 355-56 (11th Cir. 1987).

indicating the individual allegedly shared obscene pornographic films such as the ones mentioned, then embarrassment and damage to an individual's reputation occurs the moment defendants' name is searched. It does not matter that Defendant never shared such film (as is the case here), and it will not matter if Defendant is later vindicated upon an adjudication on the merits in any future case. The Plaintiff in this action recognizes this, and uses this fact to facilitate and coerce settlements from individuals like Defendant who simply want to protect their name and the embarrassment and harassment of having their name associated with pornography. Thus, at the very minimum, Defendant requests that any information pertaining to its identity remain sealed and confidential, or that the Court issue some other form of protective order to prevent annoyance, embarrassment, or oppression as justice requires.

## CONCLUSION

For the reason set forth above, Defendant respectfully request this Court **GRANT** the Defendant's Motion and provide Defendant the following relief:

1) Dismiss the Defendant, or in the alternate, sever Defendant due to Plantiff's failure to make a prima facie showing of personal jurisdiction and the improper joinder of over 1300 defendants.

2) Quash the subpoena at issue;

3) To the extent a subpoena is not quashed, grant a protective order sealing and preventing the disclosure of any information obtained trough a subpoena;

Dated: 5/17/2012                                    Respectfully submitted,

*/s/John Doe*
John Doe
IP Address 98.165.183.92
*Pro se*

**Appendix D**

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO
# FACSIMILE COVER SHEET

Pursuant to D.C.COLO.LCivR 5.1, this cover sheet must be submitted with any facsimile filing. A pleading or paper not requiring a filing fee and **no longer than ten pages**, including all attachments, may be filed with the clerk by means of facsimile during a business day. Facsimiles received by the clerk after 5:00 p.m. (Mountain Time) will be considered filed as of the next business day.

Clerk's Office facsimile telephone number: 303-335-2714

1. Date of transmission: 5/18/2012

2. Name of attorney or *pro se* party making the transmission: John Doe 98.165.183.92

    Facsimile number: johndoe9816518392@yahoo.com   Telephone number: johndoe9816518392@yahoo.com

3. Case number, caption, and title of pleading or paper: Case # 1:12-cv-00656-CMA-KMT

    SUNLUST PICTURES, LLC v. JOHN DOE

    MOTION TO QUASH OR MODIFY SUBPOENA

4. Number of pages being transmitted, including the facsimile cover sheet: 10
Instructions, if any: _____

(Rev. (12/08))