IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

SUNLUST PICTURES, LLC

        Plaintiff,

v.

                        Case No. 1:12-CV-00656-CMA-KMT

JOHN DOES,

        Defendants.
_____/

## MOTION TO QUASH, SEVER AND DISMISS

John Doe 72.207.101.141,[1] by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 20, 26, and 45 moves to quash the subpoena for among other things, lack of personal jurisdiction. Alternatively, John Doe 72.207.101.141 moves to sever/dismiss and for a protective order.

## INTRODUCTION

1) Plaintiff alleges that an unnamed Defendant, John Doe, along with 1,385 unrelated "joint tortfeasors," including John Doe 72.207.101.141 (collectively, the "Doe Defendants"), infringed on Plaintiff's copyright related to a file entitled *Sunny Leone – Goddess*, through various unrelated Internet Protocol ("IP") addresses, one of which purportedly belongs to John Doe 72.207.101.141. Plaintiff's Subpoena Duces Tecum (the "Subpoena") requests that a third-party Internet Service Provider ("ISP") disclose identifying personal information of John Doe 72.207.101.141, as well as the thousands of other Doe Defendants. (*See* **Exhibit A**). As explained below, the Court should quash the Subpoena against John Doe 72.207.101.141 for lack of personal jurisdiction. Plaintiff expressly acknowledges it cannot proceed against those Doe

---

[1] Throughout this motion, the Movant John Doe is identified by his/her IP Address so as to remain anonymous. Movant would typically seek relief using the "John Doe" number that corresponds to the identified IP Address in the exhibit to the Complaint, however, the exhibit filed in this case did not assign John Doe numbers to the subject IP addresses

Defendants where venue and personal jurisdiction do not lie (Compl. ¶ 46). John Doe 72.207.101.141 has no absolutely no connection with the state of Colorado. Alternatively, the Court should sever/dismiss and/or quash the Subpoena or issue a protective order precluding Plaintiff from pursuing such burdensome discovery.

2)      Cases such as this have been filed all over the country. The various plaintiffs do not initiate the case with the intention of litigating the matter, but rather, their lawyers hope to take advantage of the potential for the embarrassing disclosure associated with to adult films and the threat of statutory damages to induce the thousands of potentially innocent individual defendants to settle their cases for an amount specifically designed to be equal to the amount needed to retain counsel.

3)      In this case, rather than name 1,385 as John Doe Defendants, as has typically been the practice, Plaintiff has simple named one John Doe and listed the remaining Defendant Does as "joint tortfeasors." This latest iteration is clearly an attempt to do an end-around the prevailing trend of  rejecting the joinder of persons alleged to have committed copyright infringement via the BitTorrent protocol. This latest maneuver also has the effect of making it more difficult to challenge Plaintiff's subpoena in Court.

4)      Plaintiff's efforts to subpoena ISP's for private and personal information relating to their subscribers is part and parcel of this systematic extortion of individual Internet users that raises serious questions of fairness, due process and individual justice.

5)      A review of the case law reveals that the various similar plaintiffs filing similar lawsuits against thousands of defendants across the country have received negative rulings. Plaintiff disregards this substantial body of case law in hopes that this Court will ignore that precedent. It should not.

6)      Plaintiff's request for personal information seeks protected confidential information and causes an undue burden and expense in violation of the Federal Rules of Civil Procedure.

7)      Accordingly, Plaintiff is not entitled to the relief sought for the following three reasons:

a.      **FIRST**, this court does not have personal jurisdiction over John Doe 72.207.101.141;

b.      **SECOND**, Plaintiff's intention to join the 1,385 Doe Defendants in this parcular matter is improper under Federal Rule 20(a);

c.      **THIRD**, Plaintiff's effort to identify potential infringers through an IP address seeks protected confidential information and causes an undue burden and expense. The personal information associated with a single IP address only identifies a subscriber to the ISP's services, which could be an innocent person whose Internet access was abused by a neighbor, roommate or other person in close proximity. It does not identify a potential infringer.

Plaintiff's subpoena should be quashed for the additional reason that it is solely sought for the purpose of annoyance, harassment, oppression, and undue burden or expense. Plaintiff has no intention of litigating this matter, but rather seeks to engage in a mass effort to extort settlements from potentially innocent individuals under a threat of statutory damages.

## ARGUMENT

### I.      The Court Lacks Personal Jurisdiction Over John Doe 72.207.101.141

The Subpoena should be quashed as this Court lacks jurisdiction over John Doe 72.207.101.141 because Plaintiff has not alleged adequate jurisdictional facts. Rather, Plaintiff instead suggests that this Court should assume jurisdiction over the thousands of alleged "joint tortfeasors" until after their information has been disclosed, at which time Plaintiff suggests that it will take that information and pursue these individuals in other jurisdictions if they are not shown to reside in this District.

As a threshold matter, Plaintiff does not reside in Colorado and therefore could not have experienced injury in this state as a result of any Defendant's out of state actions. Further, as enumerated in John Doe 72.207.101.141's sworn declaration, attached hereto as **Exhibit B**,[2] John Doe 72.207.101.141 has no contacts with Colorado, does not reside in Colorado, has never conducted business in Colorado, and has never engaged in any activity directed or calculated to harm any residents or businesses in Colorado. (*See* Exh. B). Plaintiff relies solely on the proposition that John Doe 72.207.101.141 could have "shared" or downloaded the file from someone residing in Colorado and therefore the alleged unlawful distribution occurred in Colorado (and every jurisdiction in the United States for that matter). Acceptance of this position would "vitiate long-held and inviolate principles of federal court jurisdiction." *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1350 (D.C. Cir. 2000). Thus, Plaintiff's allegations do not satisfy the Constitutional test and thus John Doe 72.207.101.141 should not be subject to this suit. *See* Colo. Stat. § 13-1-124 (granting personal jurisdiction over individuals that transact business, commit a tort, own property, or contract to insure others within Colorado); *Walker v. Wegener*, 11-CV-03238-PAB-KMT, 2012 WL 1020673 (D. Colo. Mar. 2, 2012) *report and recommendation adopted*, 11-CV-03238-PAB-KMT, 2012 WL 1020954 (D. Colo. Mar. 26, 2012) ("Colorado's long-arm statute is a codification of the "minimum contacts" principle required by due process. Accordingly, under Colorado law, a court may assert jurisdiction to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment." (citing *See Lichina v. Futura, Inc.,* 260 F.Supp. 252, 255 (D.Colo.1966); *OMI Holdings, Inc.,* 149 F.3d at 1090; *Scheur v. Dist. Ct.,* 684 P.2d 249 (Colo.1984))).

---

[2] An unsworn declaration is appropriate evidence in this context. 28 U.S.C. § 1746; *Thomas v. U.S. Dept. of Energy*, 719 F.2d 342, 344 n.3 (10th Cir. 1983) ("28 U.S.C. § 1746 (1976) specifically authorizes the use in federal proceedings of unsworn declarations given under penalty of perjury in lieu of affidavits."); *Rader v. U.S.*, No. 08-cv-02639-REBKMT, 2009 WL 3068097, at *4 (D. Colo. June 1, 2009) ("[U]nder 28 U.S.C. §1746(2), if a document must be signed under oath and was not, the individual can alternatively submit a signed and dated, unsworn declaration in which the individual declares under penalty of perjury that the document is true and correct.").

## II.     Plaintiff's Joinder of Thousands Unrelated Defendants in this Action is Improper

In its Complaint, Plaintiff has effectively joined as Defendants thousands of unrelated individuals. This strategy is consistent with factually identical cases filed all over the country attempting to join hundreds if not thousands of unrelated defendants in alleged copyright infringement actions. As the recent trend illustrates, courts have determined that joinder is improper and have severed and dismissed all but the first defendant.[3] It is clear that Plaintiff is now hoping to get a contrary ruling in this Court. However, there is no basis for this approach. A favorable ruling to the Plaintiff will almost certainly result in an avalanche of filings in this District naming thousands more defendants in actions initiated by every lawyer representing the entertainment industry who seeks to perpetuate the current legal strategy.

Under Rule 20(a)(2), permissive joinder of multiple defendants is appropriate where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Where misjoinder occurs, the court may, on just terms, add or drop a party so long as "no substantial right will be prejudiced by severance." *AF Holidngs, LLC v. Does 1-97*, No. C 11-3067 CW, 2011 U.S. Dist. LEXIS 126225, *5 (N.D. Cal. Nov. 1, 2011). Here, as in the plethora of identical cases around the country, joinder is not appropriate for two reasons: (1)

---

[3] *See, e.g., K-Beech v. Does 1-37*, Case 2:11-cv-03995-DRH-GRB, D.E. 619, *Order and Report and Recommendation* (S.D.N.Y May 1, 2012) (attached hereto as **Exhibit C**); *Hard Drive Productions, Inc. v. Does 1-90*, Case5:11-cv-03825-HRL, D.E. 18, *Order Denying Application for Leave to Take Expedited Discovery and Severing Does 2-90* (N.D. Cal. March 30, 2012) (severing defendants and denying discovery) (attached hereto as **Exhibit D**); *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 2011 U.S. Dist. LEXIS 126333, *7-9 (S.D. Fla. Nov. 1, 2011) (severing defendants *sua sponte*); *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 2011 U.S. Dist. LEXIS 135847 (S.D. Fla. Nov. 1, 2011) (severing defendants *sua sponte*); *AF Holdings, LLC v. Does* 1-97, No. C 11-3067 CW, 2011 U.S. Dist. LEXIS 126225, at 7-8 (N.D. Cal. Nov. 1, 2011) (severing defendants 2-97); *Hard Drive Productions, Inc. v. John Does 1-30*, No 2:11ev345, 2011 U.S. Dist. LEXIS, at *6-10 (N.D. Pa Nov. 1, 2011) (severing defendants 2-97); *BMG Music v. Does 1-203*, No. Civ. A. 04-650, 2004 WL 953888, at 1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D. N.C. Feb. 27, 2008) (severed lawsuit against 38 defendants); *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006) (court *sua sponte* severed defendants).

Defendants actions do not arise out of the same transaction or occurrence[4]; and (2) permitting joinder would undermine Rule 20(a)'s purpose of judicial economy and trial convenience.

### a. Use of the "BitTorrent Protocol" is Insufficient to Warrant Joinder

Plaintiff's strategy here was recently emphatically rejected in *First Time Videos, LLC v. Doe*, No. 2:11-cv-3478-GEB-EFB (E.D. Cal. Dec. 30, 2011), in which the District Court faced an identical complaint to the one at issue here. In *First Time Videos*, the Court rejected Plaintiff's reasoning in asking for discovery related to the "allged co-conspirators" because "in light of the potential that some of the alleged co-conspirators are innocent internet users, plaintiff has not shown that the need to discover their identities outweighs the prejucice to those individuals, or that the request to subpoena all of those individuals' ISP's is reasonable at this time . . . ." *Id*. at 2012WL 170167, *3. The Court further cast doubt on the Plaintiff's argument that it would later join the alleged joint tortfeasors, stating that "it is not clear that the court would permit such joinder." *Id.* at 2012 WL 423714, at *6.

Plaintiff's sole alleged basis for the proposed joinder – its explanation of the "BitTorrent Protocol" – is meritless. In fact, nothing in the BitTorrent Protocol creates a relationship amongst the nearly 2,000 Defendants in this case residing in all different parts of the country. As one court recently concluded:

---

[4] Plaintiff may attempt to rely on other cases in this District where only a small number of Doe Defendants have been included. *See e.g.*, *Patrick Collins, Inc. v. John Does 1–33*, Case No. 11–cv–02163–CMA–MJW, 2012 WL 415424 (D. Colo. Feb. 8, 2012). However, such reliance is misguided. Those cases are not on point, as they often involve a very small number of actually named defendants that allegedly live in or have legitimate ties to Colorado, not merely a list of thousands of alleged "joint tortfeasors" with no connection to this State. Here, for example, it would be appropriate for the Court to sever only those Does that can demonstrate that they have no connection to Colorado and quash the associated subpoenas. *See e.g.*, *NuImage, Inc. v. Does 1-3,932*, Case No. 2:11-cv-00545-JES-SPC (M.D. Fla. May 9, 2012) (recommending that Does that file declarations disputing personal jurisdiction be severed and the related subpoenas be quashed) (**Exhibit E**). Furthermore, this Court ultimately issued an Order to Show Cause to the plaintiff in that case (D.E. 53) and then later dismissed the suit the after plaintiff failed to serve its Complaint even following the Court's granting an extension of time (D.E. 68), demonstrating one of the over-arching points being laid out in this motion: that Plaintiff's strategy is simply to gather the Doe Defendant names in these suits with no intention of actually litigating, but rather simply to send out its settlement demands before dropping the case.

> Under the BitTorrent Protocol, it is not necessary that each of the Does 1-188 participated in or contributed to the downloading of each other's copies of the work at issue – or even participated in or contributed to the downloading by an of the Does 1-188. … The bare fact that a Doe clicked on a command to participate in the Bit Torrent Protocol does not mean that they were part of the downloading by hundreds or thousands of individuals across the country or the world.

*Hard Drive Prods., Inc. v. Does 1-188*, 2011 U.S. Dist. LEXIS 94319, at *38-39 (N.D. Cal. Aug. 23, 2011); *On the Cheap, LLC v. Does* 1-5011, 2011 U.S. Dist. LEXIS 99831, at *10 (N.D. Cal. Sept. 6, 2011) (stating that joinder would violate the "principles of fundamental fairness" and be prejudicial to the defendants).

Plaintiff attempts to create the illusion that Defendants made a concerted effort, working together to violate Plaintiff's copyright. This representation is misleading. In fact, Plaintiff cannot make any such allegation. Its true allegation is that the Doe Defendants' **IP Addresses** may have been used by ***somebody*** to connect to a bit torrent swarm that downloaded some unknown portion of the work at issue. There is no allegation, and there cannot be, that the actual Doe Defendants – those people whose IP Addresses are listed as joint tortfeasors in this case (assuming the IP address identification process is not flawed) – personally installed bit torrent and/or participated in the downloads. *Boy Racer v. Does 2-52*, 2011, U.S. Dist. LEXIS 86746, at *4 (N.D. Cal. Aug. 5, 2011) (finding misjoinder where the plaintiff did not plead facts showing any particular defendant illegally shared the plaintiff's work with any other particular defendant); *see also*, *MCGIP, LLC v. Does 1-149*, 2011 U.S. Dist. LEXIS 108109, at *7 (N.D. Cal. Sept. 16, 2011) (finding misjoinder where the plaintiff failed to show that and of the defendants actually exchanged any piece of the seed file with another). The IP Addresses listed were allegedly used to download the film at issue over a period of over a month. Thus, even if the Doe Defendants were the actual downloaders, and not just the names on the internet bill related to a certain IP Address, there can be no allegation that the various defendants were somehow involved in a

computer download for this entire period of time. This clear lack of concerted effort on the part of the Defendants is dispositive of Plaintiff's joinder argument.[5]

### b. **Joinder Undermines Judicial Economy**

Joinder is also improper because it would cause severe practical problems. As one court discussed, the disparity in factual scenarios can be great: one defendant might be an innocent parent whose internet access was abused by her minor child, while another defendant might share a computer with a roommate who infringed Plaintiff's works, and others might be actual thieves. *BMG*, 2004 WL 953888, at 1 ("[w]holesale litigation of these claims is inappropriate…"). "The manageability difficulties, procedural inefficiencies, and likelihood that Defendants will assert myriad factual and legal defenses compel [severance.]." *Pac. Century Int'l, Ltd. v. Doe*, 2011 U.S. Dist. LEXIS 124518, at *11 (N.D. Cal. Oct. 27, 2011) ("An internet-based copyright infringement case with at least 101 defendants would prove a logistical nightmare."). "[A]lthough the complaints state that IP addresses are assigned to 'devices' and thus by discovering the individual associated with that IP address will reveal 'defendants' true identity,' this is unlikely to be the case. Most, if not all, of the IP addresses will actually reflect a wireless router or other networking device, meaning that while the ISPs will provide the name of its subscriber, the alleged infringer could be the subscriber, a member of his or her family, an employee, invitee, neighbor or interloper." Exh. C at * 8.

In addition to the issue of the owners of the various IP Addresses being completely innocent and having no knowledge of the true infringers, scholarly studies by recognized experts in the field have made clear the technology used to identify infringers is subject to a statistically significant number of "false-positives" in its identification of IP Addresses. *See Challenges and*

---

[5] Any argument that the joinder issue can be resolved at a later state in the litigation is also without merit. *Hard Drive Productions v. Does 1-87*, No. C-11-02333 JCS, 2011 U.S. Dist. LEXIS 119028, *3-4 (N.D. Cal. Oct. 14, 2011) ("it is highly unlikely that [this court] would permit such extensive discovery and invasive discovery of non-parties to determine the identity of the Doe Defendants.")

*Directions for Monitoring P2P File Sharing Networks –or– Why My Printer Received a DMCA Takedown Notice*, Univ. of Washington Tech. Rpt., UW-CSE-08-06-01, attached hereto as **Exhibit F**. In that study, it states expressly that the "main weaknesses in current methods of detecting copyright infringement in BitTorrent appears to be the treatment of indirect reports as conclusive evidence of participation." (Exh. E at 2). In layman's terms, this means that the current methodology for the identification of infringing users, "indirect detection," does not result in reliable evidence that the identified IP address actually participated in a BitTorret swarm. Thus, permitting joinder of massive numbers of defendants necessarily results in the consolidation of potential infringers with entirely innocent people.

Moreover, allowing joinder in this case would involve thousands of defendants, each potentially proceeding with counsel or *pro se,* and a myriad of additional ISP's who may also participate in this case. *See, e.g., Hard Drive Productions v. Does 1-188*, 2011 U.S. Dist. LEXIS 94319, at 40-42 (N.D. Cal. Aug. 23, 2011) (finding Rule 20(a)'s purpose would be undermined due to the unmanageable logistics of involving the large number of defendants and their attorneys in the case, who may also present defenses specific to their individual situations, resulting in a number of mini-trials).

### III.     Plaintiff's Subpoena is Improper and Must be Quashed

#### a. The Court Has the Authority to Control Discovery

As a threshold matter, the Court has broad discretion under Rule 26 to supervise, compel, and deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *see also Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985). Further, Rule 26(c) gives the district court discretionary power to fashion an appropriate protective order. *Farnsworth*, 758 F.2d at 1548.

Courts addressing the interplay of Rule 45 and Rule 26(c) have repeatedly confirmed the overarching authority provided in Rule 26(c) to supervise the discovery process in a case to be tried before the Court. *See, e.g., Straily v. UBS Financial Servs., Inc.,* 2008 WL 5378148 (D. Colo. Dec. 23, 2008) (issuing protective order to prevent compliance with subpoena issued from the S.D.N.Y.); *Best Western Intern., Inc. v. Doe,* 2006 WL 2091695 at *2 (D. Ariz. July 25, 2006) (denying request for expedited discovery to determine the Doe's identities). In Best Western, the court stated:

> Rule 45(c) does provide that subpoenas should be enforced by the district court which issued them, but this rule "does not alter the broader concept that the district court in which an action is pending has the right and responsibility to control the broad outline of discovery." *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C.2001). General discovery issues should receive uniform treatment throughout the litigation, regardless of where the discovery is pursued. Courts have also recognized that a party's " 'discovery rights [in other districts] can rise no higher than their level in the district of trial.' " Id. (quoting *Fincher v. Keller Indus., Inc.*, 129 F.R.D. 123, 125 (M.D.N.C. 1990)).

*Id*. The subpoenas at issue in this case only exist because this Court authorized early discovery pursuant to Rule 26. Thus, the Court has the discretion to modify the discovery granted to protect the Doe Defendants.

### b. The Subpoena Must Be Quashed

As explained above, an IP address, at best, can only identify a subscriber to an ISP; it does not identify the specific identity of the person that actually engaged in the infringing activities. To successfully identify the infringer, Plaintiff would need extensive additional information that cannot be gleaned from information requested by the Subpoena.

Plaintiff's Subpoena must be quashed because it is places and undue burden and violates the Doe Defendants' privacy rights. As explained above, an IP address, at best, can only identify a subscriber to an ISP; it does not identify the specific identity of the person that actually engaged in the infringing activities. To successfully identify the infringer, Plaintiff would need

extensive additional information that cannot be gleaned from information requested by the Subpoena.

Indeed, a plaintiff's inaccurate portrayal of the facts required to identify infingers was exposed in *Boy Racer, Inc. v. Doe*, 2011 U.S. Dist. LEXIS 103550 (N.D. Cal. Sept. 13, 2011). After issuing a substantially identical subpoena and representing to the court that each IP address corresponds to a defendant, the plaintiff there was forced to admit that this information was legally insufficient, and is really just the starting point for a far more invasive investigation. In rejecting that plaintiff's attempt to expand its discovery beyond its initial representations, the court quoted the key admissions in the plaintiff's argument as follows:

> 'While Plaintiff has the identifying information of the subscriber, this does not tell Plaintiff who illegally downloaded Plaintiff's works, or, therefore, who Plaintiff will name as the Defendant in this case. It could be the Subscriber, or another member of his household, or any number of other individuals who had direct access to Subscribers network.'

As a result,

> 'Plaintiff plans to request a limited inspection of Subscriber's electronically stored information and tangible things, such as Subscriber's computer and the computers of those sharing his Internet network, for the purpose of finding the individual that unlawfully violated Plaintiff's copyrighted works by uploading/downloading the file referenced BitTorrent, or to see whether such information has since been erased contrary to instructions by Verizon Online and Plaintiff's attorneys.'

*Id.* at 6-7 (rejecting plaintiff's discovery requests because "[p]resumably, every desktop, laptop, smartphone, and tablet in the subscriber's residence, and perhaps any residence of any neighbor, houseguest or other sharing his internet access, would be fair game") (internal quotation marks and citations omitted). Thus, granting Plaintiff the form of relief that it seeks would impermissibly allow Plaintiff to subpoena ISP's to obtain the detailed personal information of unknown numbers of innocent individuals that Plaintiff could never make party to this suit and subject them to onerous, invasive discovery and/or unfair settlement tactics. *Pacific Century*

*Int'l Ltd. v. Does 1-101*, No. C-11-02533, 2011 U.S. Dist. LEXIS 124518, *6 (N.D. Cal. Oct. 27, 2011).

Courts addressing these mass copyright infringement cases have expressed concern about such abusive settlement tactics. *Pac. Century Int'l, Ltd. v. Doe, 2011,* U.S. Dist. LEXIS 124518, at *9 (N.D. Cal. Oct. 27, 2011); *On the Cheap, LLC v. Does 1-5011*, No. 10-4472-BZ, 2011 U.S. Dist. LEXIS 99831, 2011 WL 4018258, at *11 (N.D. Cal. Sept. 6, 2011) (stating that the settlement tactics result in the defendants being left with a "decision to either accept plaintiff's demand or incur significant expense to defend themselves" and such does not "comport with the 'principles of fundamental fairness.'"). The court in *On the Cheap* recognized that the individuals identified by the ISP "whether guilty of copyright infringement or not — would then have to decide whether to pay money to retain legal assistance, or pay the money demanded[,]" which "creates great potential for a coercive and unjust 'settlement.'" *On the Cheap, LLC*, 2011 U.S. Dist. LEXIS 99831, at *11.

## CONCLUSION

Defendant John Doe 72.207.101.141 requests that the Court quash the Subpoena because the Court does not have personal jurisdiction. Alternatively, the Court should sever and dismiss all Defendants and require Plaintiff to bring individual actions against each Defendant, if it chooses to do so. Defendant John Doe 72.207.101.141 further requests that the Court quash the Subpoena and grant any further relief that it deems appropriate.

Respectfully submitted,

LALCHANDANI SIMON PL

By: /s/ Kubs Lalchandani
Kubs Lalchandani
Florida Bar No.: 0063966
kubs@lslawpl.com
Danny Simon

        Florida Bar No.: 0016244
        danny@lslawpl.com
        25 SE 2nd Ave, Suite 1050
        Miami, Florida 33131
        Tel: (305) 999-5291
        Fax: (305) 671-9282
        *Attorneys for John Doe 72.207.101.141*

## CERTIFICATE OF COMPLIANCE WITH
## Fed. R. Civ. P. 26(c)(1) and D. Colo. Loc. R. 7.1(A)

I have communicated with counsel for the opposing party in a good faith effort to resolve the issues raised in this Motion, but was unable to reach an agreement on the resolution of the Motion.

        By: /s/ Kabir Lalchandani
        Kubs Lalchandani

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of May, 2012, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all of those parties receiving notification through the CM/ECF system, and that a true and correct copy of the foregoing was sent via First-Class, postage prepaid to:

    Catherine Clanton
    316 Vista Dr.
    Chattanooga, TN 37411
    *Interested Party*

    Richard Roe
    176 Lake Road
    TN 37411 Huntsville, TX 77320
    *Interested Party*

        By: /s/ Kabir Lalchandani
        Kubs Lalchandani