## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

SUNLUST PICTURES, LLC,

      Plaintiff,

  v.

JOHN DOE,

      Defendant.

CASE NO. 1:12-cv-00656

Judge: Hon. Christine M. Arguello

Magistrate Judge: Hon. Kathleen M. Tafoya

### PLAINTIFF'S OMNIBUS RESPONSE TO MOVANTS' MOTIONS
### TO DISMISS AND/OR ISSUE PROTECTIVE ORDER

Several substantially identical[1] motions were filed in this case by anonymous individuals

("Movants"). (ECF Nos. 15, 19, 30-34, 41, 46, 50 [hereinafter "Motions to Dismiss"].) Two of

the motions were brought through attorney David F. Tamaroff (ECF Nos. 15, 30) and it appears

that the rest are copies these motions. Movants seek to dismiss the action and request a protective

order. (Motions to Dismiss.) For good measure, Movants— acting under the cover of

anonymity— salted theirs briefs with gratuitous *ad hominem* attacks against Plaintiff, Plaintiff's

counsel, and copyright holders in general. (Motions to Dismiss.) For the reasons described

herein, Movants' motions must be denied.

---

[1] The primary difference among the motions is that each has been brought by individuals associated with different Internet Protocol ("IP") addresses: 64.233.216.188 (ECF No. 15), 98.168.237.107 (ECF No. 19), 68.228.77.14 (ECF No. 30), 24.251.234.130 (ECF No. 31), 96.32.247.127 (ECF No. 32), 24.183.52.130 (ECF No. 33), 71.94.143.188 (ECF Nos. 34, 41), and 24.176.192.207 (ECF No. 46). The final motion (ECF No. 50) does not list an IP address. Further, the Movants use different pseudonyms to refer to themselves: "Robert Roe" (ECF Nos. 15, 31, 33, 34, 41, 46), "Richard Roe" (ECF No. 19), "Sammy Soe" (ECF Nos. 30, 32), and simply "John Doe" (ECF No. 50). In all other respect the motions are substantially similar.

## PRELIMINARY STATEMENT

Plaintiff Sunlust Productions LLC is owned and operated by actress Sunny Leone. Ms. Leone has been awarded virtually every imaginable accolade in the adult industry, including a Penthouse recognition in 2003, an AVN Award for Web Starlet of the Year in 2010, and an XBIZ award for Porn Star Site of the Year in 2012. In addition to her work in the adult industry, Ms. Leone has been featured in a host of mainstream projects ranging from endorsement deals, to a role in Will Ferrell's, *The Virginity Hit*, to a role in the India reality series, *Big Boss*. Ms. Leone is currently filming a Bollywood movie, *Jism 2*, in which Ms. Leone has been cast as the leading actress. By anyone's measure, Ms. Leone is a leading female entrepreneur in the entertainment industry.

Not surprisingly, Ms. Leone's productions are very heavily pirated. Within minutes of an update to her namesake website, *SunnyLeone.com*, individuals rip the update and create a BitTorrent swarm with respect to that file. Shortly thereafter, thousands of individuals worldwide join the swarm and begin distributing the file amongst themselves and to thousands of others. The level of piracy– and the resulting losses– are almost unimaginable.

The defendant in this case is a serial-infringer of Ms. Leone's works. Plaintiff's agents have identified him in numerous BitTorrent swarms in relation to Ms. Leone's productions and believe that he is a key figure in distributing Plaintiff's works. Because he distributes Ms. Leone's content to thousands of individuals on a regular, Plaintiff seeks to hold him and any later-joined parties liable for the extensive damages they have caused.

## ARGUMENT

The Court should deny the Movants' requests for relief. Movants' implied request to proceed pseudonymously must be denied because Movants have not met, much less discussed,

the heavy burden associated with overcoming the presumptive openness of judicial proceedings. Movantsø motion to dismiss must be denied because Movants lack standing to move for dismissal of Plaintifføs complaint and because Movantsø arguments are not relevant to the legal standard governing motions to dismiss. Movantsø motion for a protective order must be denied because only parties or persons from whom information is sought may move for a protective order and because Movants fail to establish good cause.

## I.   MOVANTS' IMPLIED REQUEST TO PROCEED PSEUDONYMOUSLY MUST BE DENIED

By bringing their motions pseudonymously, Movants attempts to circumvent the presumptive openness of judicial proceedings. To proceed pseudonymously Movants must meet a heavy burden to overcome the presumptive openness of judicial proceedings. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (discussing õthe presumption of openness of judicial proceedings.ö); *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (õ[P]arties to a lawsuit must typically openly identify themselves in their pleadings to ÷protect[] the publicøs legitimate interest in knowing all of the facts involved, including the identities of the parties.øö) (quoting *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)); *see also Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005). The Court should deny Movantsø implied attempt because they fails to meet, much less discuss, this heavy burden. (*See generally* Motions to Dismiss.)

When anonymous litigation has been permitted, it is only where the issues are õmatters of a sensitive and highly personal nature such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families.ö *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712ó13 (5th Cir. 1979). Because Movants have no cognizable right of privacy in their subscriber information, they cannot be permitted to proceed pseudonymously. *See U.S. v. Christie*, 624 F.3d 558, 573 (3rd Cir. 2010) (õFederal

courts have uniformly held that ÷subscriber information provided to an internet provider is not protected by the Fourth Amendmentøs privacy expectationøbecause it is voluntarily conveyed to third parties.ö) (internal quotations omitted); *Guest v. Leis*, 255 F.3d 325, 335 (6th Cir. 2001) (õIndividuals generally lose a reasonable expectation of privacy in their [subscriber] information once they reveal it to third parties.ö); *Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4,577*, 736 F.Supp. 2d 212, 216 (D.D.C. 2010) (õWith regards to [the movantøs] assertion that the information sought is ÷personal,øcourts have held that Internet subscribers do not have an expectation of privacy in their subscriber information as they already have conveyed such information to the Internet Service Providers.ö).

## II.   MOVANTS' MOTIONS TO DISMISS MUST BE DENIED

Movantsø motions to dismiss Plaintifføs complaint must be denied for two independent reasons. First, Movants lack standing to move for dismissal of Plaintifføs complaint. Second, Movantsø arguments bear no relation to the legal standard governing motions to dismiss.

### A.  Movants Lack Standing to Move for Dismissal of Plaintiff's Complaint

Movantsø motions to dismiss must be denied because Movants lack standing to move for dismissal of Plaintifføs complaint. *See* Fed. R. Civ. P. 12(b) (õ[A] *party* may assert [Rule 12(b)] defenses by motion í ö) (emphasis added). Movants are not parties to this action. *Fed. Sav. & Loans Ins. Corp. v. Tullos-Pierremont*, 894 F.2d 1469, 1474-75 (5th Cir. 1990) (under common law, unserved parties are nonparties). Movants are not even the John Doe defendant in this case. (ECF No. 1 ¶ 4) (listing John Doeøs IP address as 71.237.3.10). Therefore, they do not have standing to move to dismiss Plaintifføs complaint. At this procedural juncture, Movants are simply third-parties who may later be named as defendants in this actionô at which time

Movants would certainly have standing to move for dismissal of Plaintiff's complaint. Until that time, however, Movants lack standing to move to dismiss Plaintiff's complaint.

### B. Movants' Arguments Bear no Relation to the Legal Standard Governing Motions to Dismiss

Assuming, *arguendo*, that Movants had standing, their motions to dismiss must still be denied because their arguments bear no relation to the legal standard governing motions to dismiss. In fact, Movants' motions focus almost exclusively on their arguments regarding protective orders. (*See generally* Motions to Dismiss.) Outside of prefatory language and prayers for relief, Movants' only mention of dismissal is a *single* sentence in the motion. (Motions to Quash at 9.)[2] There, Movants make the statement that Plaintiff's civil conspiracy claim "should be dismissed by the Court, *sua sponte*," under a theory of preemption. (*Id.*)

Movants' statement is insufficient. First, it incorrectly suggests that this Court may dismiss Plaintiff's claims *sua sponte*. This is incorrect. *Sua sponte* dismissals are appropriate only with respect to actions proceeding under 28 U.S.C. § 1915 or where the complaint is meritless and cannot be salvaged by amendment. *McKinney v. State of Okl.*, *Dept. of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991). Here, Plaintiff is not proceeding under 28 U.S.C. § 1915 and the Movants have not attempted to demonstrate that Plaintiff's entire complaint is meritless.

Second, Movants' statement contains no citation to binding authority on preemption. Instead, Movants merely cite to a single decision from the United States District Court for the Western District of Pennsylvania, which was decided with respect to Pennsylvania's civil conspiracy statute under a different Circuit's preemption jurisprudence. Here, to justify their

---

[2] Even though the texts of the motions are nearly identical, because the formatting and spacing differs among the motions, the page numbers do not match. Any page number references shall refer to the first filed motion – ECF No. 15.

arguments for *sua sponte* dismissal of Plaintiff's civil conspiracy claim, Movants would have to

identify binding precedent regarding the Copyright Act's preemption of Colorado's civil

conspiracy statute. They did not do so. Movants' invitation for a *sua sponte* dismissal is an

invitation that must be declined.

## III.    MOVANTS' MOTIONS FOR A PROTECTIVE ORDER MUST BE DENIED

Movants' motion for a protective order must be denied for two independent reasons.

First, only parties or persons from whom discovery is sought may move for a protective order.

Second, Movants failed to establish good cause.

### A.    Only Parties or Persons From Whom Discovery is Sought may Move for a Protective Order

The plain language of Federal Rule of Civil Procedure 26 limits the scope of who may

move for a protective order. *See* Fed. R. Civ. P. 26(c) ("A *party* or any *person from whom

discovery is sought* may move for a protective order ….") (emphasis added). Movants are not

parties to this case. *See supra* Part II(A). Nor are Movants persons from whom discovery is

sought. Plaintiff sought, and was granted, discovery from Internet service providers. (ECF No.

6.) The subpoenas pursuant to the Court's March 22 Order (ECF No. 10) were issued to these

Internet service providers, and not Movants. While there are procedures that would allow

Movants to challenge the disclosure of their identifying information, a protective order is plainly

not one of them.

### B.    Movants Failed to Establish Good Cause

Even if Movants were allowed to move for a protective order, they must still establish

good cause. This is a near-impossible task under these circumstances because Movants are

neither subject to Plaintiff's subpoenas nor required to do *anything* in response to them and

therefore cannot plausibly articulate any, "annoyance, embarrassment, oppression, or undue

burden or expenseö from any of Plaintifføs discovery requests. *See Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at \*4 (D.D.C. May 12, 2011) (denying motions for protective orders from thirty-five anonymous movants); *MCGIP, LLC v. Does 1–14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 (finding that movants had õfailed to show good causeö for an order under Fed. R. Civ. P. 26(c)(1)). Movantsørequest for a protective order fails on all possible explicit grounds.

To the extent that Movantsørequest invokes the implicit issue of privacy, it must fail. A person who uses the Internet to download or distribute copyrighted works without permission is engaging in the exercise of speech, but only to a limited extent, and the First Amendment does not protect that personøs identity from disclosure. *See, e.g.*, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118ö19 (2d Cir. 2010) (concluding that plaintifføs need for discovery of alleged infringerøs identity outweighed defendantøs First Amendment right to anonymity); *Arista Records, LLC v. Does 1–19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) (õ[C]ourts have routinely held that a defendantøs First Amendment privacy interests are exceedingly small where the ÷speechø is the alleged infringement of copyrights.ö); *Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 558 (S.D.N.Y. 2004). Movants cannot cloak their identities in the First Amendment when their infringing activities are not private. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at \*1 (N.D. Cal. June 2, 2011) (õ[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so.ö); *see also Voltage Pictures*, 2011 WL 1807438 at \*4 (finding movantsørights to anonymity to be minimal).

The Court should deny a protective order because Movants are not subject to Plaintifføs subpoenas and Movantsøprivacy interests are *de minimus*.

### C. Movants' Arguments Do Not Provide a Basis for Granting Their Motion for a Protective Order

Movants advance several arguments in favor of their motions for a protective order. First, they argue that Plaintiff has not demonstrated good cause to conduct early discovery in this action. (Motions to Dismiss at 4-7.) Second, they argue that the information sought is not relevant to this case. (*Id.* at 7-16.) Third, they argue that a protective order will protect them from annoyance, embarrassment, oppression, undue burden and expense, and/or the disclosure of confidential information. (*Id.* at 16-17.) None of Movants' arguments provide a basis for granting their motion for a protective order. Indeed, none of the cases cited by Movants involve a Court granting a protective order under the circumstances present in this case.

### i. The Court did not Err in Granting Plaintiff's Request for Expedited Discovery

Movants request that the Court reconsiders its March 22 order (ECF No. 10) and "reverse its original finding of good cause for expedited discovery of the alleged –joint tortfeasors' personally identifying information from their ISPs." (Motions to Dismiss at 6.) This is a bold request that is granted in only extreme circumstances. *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 1995) ("a motion for reconsideration is an extreme remedy to be granted in rare circumstance."); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.").

For such a bold request, one would expect citations to binding authority. Instead, Movants merely presents excerpts from a single, "cherry-picked" decision from the Eastern District of California, characterizing it as "precedent." (*See* Motions to Dismiss at 4-7.) This characterization is misleading, to put it charitably. The overwhelming majority of district courts

presented with similar applications have granted their approval, *including district courts in the Eastern District of California. See e.g.*, *Pacific Century International, LTD v. John Doe*, No. 11-3479 (E.D. Cal. Jan. 19, 2012), ECF No. 9 (granting discovery for the identifying information of John Doe and his joint tortfeasors); *Millennium TGA, Inc. v. John Doe*, No. 11-4501 (S.D. Tex. Feb. 9, 2012), ECF No. 6 (same); *First Time Videos LLC v. John Doe*, No. 11-00690 (E.D. Va. Jan. 9, 2012), ECF No. 8 (same). Far from being precedent in this District, the decision cited by Movants is not even precedent in the Eastern District of California. Reconsideration is only warranted in the presence of clear error. *Servants of Paraclete*, 204 F.3d at 1012. Movants are not allowed to move for reconsideration of a decision simply because they disagree with the outcome. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991) (explaining that it is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.). Here, the Court's decision was consistent with the majority view on this issue and reconsideration is certainly not warranted.

### ii. Plaintiff Seeks Relevant Information

Movants argue that the information Plaintiff seeks is not relevant to this case. (Motions to Dismiss at 7.) This argument is wrong. The purpose of seeking the Doe Defendant's joint tortfeasors' identities is, *inter alia*, to establish contributory liability against the Doe Defendant and any later-joined parties for the infringing acts of the joint tortfeasors. *See Sony v. Universal City Studios, Inc.,* 464 U.S. 417, 435 (1984) ("[T]he concept of contributory infringement is merely a species of the broader problem of identifying the circumstances in which it is just to hold one individual accountable for the actions of another.") In order to prove contributory infringement against a Doe Defendant and any later-joined parties, a plaintiff must prove underlying direct infringements. *Cable/Home Communication Corp. v. Network Productions,*

9

*Inc.*, 902 F.2d 829, 846 (11th Cir. 1990) ("Contributory infringement necessarily must follow a finding of direct or primary infringement.")

Just as it is necessary to ascertain the Defendant's identity in order to prove his direct infringement, so too is it necessary to ascertain the joint tortfeasors' identities to prove their direct infringement. *Id.* Plaintiff will have no means of seeking information from a joint tortfeasor, examining digital forensic evidence or assessing the range of possible defenses that a joint tortfeasor might raise without first knowing who he is. *See, e.g.*, *First Time Videos LLC v. John Doe*, No. 11-00690 (E.D. Va. Jan. 4, 2012), ECF No. 7 at 4 ("Further, without these identities Plaintiff will have no means of computing the damages that can be attributed to the conspiracy or establishing testimony from coconspirators to aid in proving liability against John Doe and any co conspirators who are later joined to this action.") This, of course, is only one of many grounds for establishing the relevance of the joint tortfeasors' identities to Plaintiff's claims. For example, a plaintiff would have no sense of the extent of damages caused by a joint tortfeasor's infringement unless it had an opportunity to examine digital forensic evidence that is in the sole possession of that individual.

Contributory infringement is a plausible legal theory in BitTorrent-based copyright infringement cases. Courts have already ruled that using BitTorrent to commit copyright infringement triggers contributory infringement liability. *Raw Films, Ltd. v. John Does 1-11*, No. 12cv368-WQH (NLS), 2012 WL 684763, at *2 (S.D. Cal. Mar. 2, 2012) ("Plaintiff's allegation that each defendant was willingly and knowingly a part of the ±swarm' for purposes of the infringing conduct supports Plaintiff's claim of contributory infringement."); *Liberty Media Holdings, LLC v. Does 1-62*, No. 11-CV-575, 2011 WL 6934460, at *1 (S.D. Cal. Dec. 30, 2011) ("Defendant's conduct constitutes contributory infringement of Plaintiff's copyright in

addition to direct infringement under 17 U.S.C. § 501.ö);  *Liberty Media Holdings, LLC v.*

*Swarm of November 16, 2010*, *Sharing Hash File*

*A3E6F65F2E3D672400A5908F64ED55B66A0880B8*, No. 11-619, 2011 WL 1597495, at \*3

(S.D. Cal. Apr. 26, 2011) (õPlaintiff has alleged the prima facie elements of both direct and

contributory copyright infringement . . . .ö).

### iii.   Movants' Arguments Regarding Annoyance, Embarrassment, Oppression and Undue Burden and Expense do Not Constitute Good Cause

Movants argue that because Plaintiff is an adult content producer, it would be too

embarrassing and costly to defend himself against Plaintifføs claims. (Motions to Dismiss at 16.)

Leaving aside the fact that Movants are not named defendants, the õannoyance and

embarrassmentö referred to in Rule 26 is not the annoyance of having to defend oneself in court.

Instead, it is the annoyance and embarrassment associated with responding to a subpoena. *Covey*

*Oil Company v. Continental Oil Company*, 340 F.2d 993, 997 (explaining that a court may issue

a protective order if õthe *subpoenas* are unreasonable, oppressive, annoying, or embarrassing.ö)

(emphasis added). Here, no subpoenas were issued to Movants and Movants cannot plausibly

claim any annoyance, embarrassment, oppression or undue burden or expense associated with a

third-partyøs compliance efforts. *See supra* Part III(B).

## IV.   MOVANTS' GRATUITOUS *AD HOMINEM* ATTACKS HAVE NO RELEVANCE TO THE RELIEF THEY SEEK

Movants launch several *ad hominem* attacks against Plaintiff. The overall theme of these

attacks appears to be that Plaintiff is improperly trying to coerce settlements out of defenseless

individuals. For example, Movants state that, õPlaintiff has demonstrated that it is far more

interested in obtaining ISP subscribersø contact information for use in extracting large

settlements than the formalities of the legal process and privacy interests of the affected

individuals.ö (Motions to Dismiss at 17.) For such extreme claims, Movants fail to cite to *any example* regarding misconduct on Plaintifføs part. (*See generally* Motions to Dismiss.) Movants do not seriously dispute whether Plaintifføs works are being infringed on an epidemic scale. Plaintiff is not aware of, and Movants do not cite to, any authority for the proposition that adult content producers are not entitled to protect their copyrights.

Over 200 years ago, the framers of the U.S. Constitution recognized that written works and other forms of artistic expression were deserving of legal protection. U.S. Const. art. I, § 8. These fundamental principles regarding protecting and fostering artistic creation did not disappear simply because artistic works have transitioned from tangible to digital. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 928ô29 (2005) (citing the concern that õdigital distribution of copyrighted material threatens copyright holders as never beforeö). Nor should these fundamental principles be denied to a group simply because that group is unpopular with opposing counsel or even the majority. *See* James Madison, Speech at the Virginia Constitutional Convention of 1829-30 (Dec. 2, 1829) (õIn Republics, the great danger is, that the majority may not sufficiently respect the rights of the minority.ö)

The digital age has allowed infringement to occur on a massive scale. Through this lawsuit, Plaintiff is attempting to stem the tide of unabashed BitTorrent-based copyright infringement. While Movants go to great lengths to portray Plaintifføs lawsuit in a negative light, there is nothing wrong with a copyright holder focused on protecting its intellectual propertyô except, of course, from the perspective of an infringer.

## V.   THE COURT SHOULD STRIKE MOVANTS' DECLARATIONS

The Court should strike Movantsø declarations. A declaration signed under a pseudonym is improper. See 28 U.S.C. §1746 (2011) (requiring the declarant to õsubscribeö the declaration

õunder penalty of perjuryö); Fed. R. Civ. P. 11 (requiring that õ[e]very pleading, written motion, and other paper must be signed . . . by a party if the party is unrepresented.ö); *see also United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (õIn ruling on a motion for summary judgment, a court may substitute an unsworn declaration for a sworn affidavit if the declaration complies with 28 U.S.C. § 1746. But such documents must be based on ŧpersonal knowledge,ø Fed. R. Civ. P 56(e), and must be ŧsubscribed byøthe declarant, 28 U.S.C. § 1746. A declaration signed by someone else for the declarant does not comply.ö); *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 363 n.3 (6th Cir. 2001) (district court disregarded witness statement that was unsworn and not given under penalty of perjury); *Pavelic & LeFlore v. Marvel Entm't Group*, 493 U.S. 120 (1989) (explaining the phrase õthe person who signed itö in Fed. R. Civ. P 11 as referencing õthe individual signerö and emphasizing the relationship between the individual signer and accountability of such representation by stressing that õ[j]ust as the requirement of signature is imposed upon the individual, we think the recited import and consequences of signature run as to him. . . . [T]he purpose of Rule 11 as a whole is to bring home to the individual signer his personal, nondelegable responsibility.ö); *Bus. Guides, Inc. v. Chromatic Communications Enter., Inc.*, 498 U.S. 533, 542-543) (explaining that a signature is a certification to the court by the signer and that the signer owes to the court system the duty to conserve its resources and avoid unnecessary proceedings) (õA signature certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both, and is acting without any improper motive. ö) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1335 (2d ed. 1990)). Because Movantsødeclarations fail to satisfy even the most basic formal requirements, the Court should strike it.

Respectfully submitted,

Sunlust Pictures, LLC

DATED: May 25, 2012

By:    s/ Timothy V. Anderson
        ***Timothy V. Anderson, Esq.***
        Anderson & Associates, PC
        2492 North Landing Rd, Ste 104
        Virginia Beach, VA 23456
        Telephone: (757) 301-3636
        FAX: (757) 301-3640
        E-mail: timanderson@virginialawoffice.com
        Attorney for Plaintiff Sunlust Pictures, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 25, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.


___/s/ Timothy V. Anderson_____
Timothy V. Anderson, Esq.