# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

SUNLUST PICTURES, LLC,

    Plaintiff,

v.

JOHN DOE,

    Defendant.

CASE NO. 1:12-cv-00656

Judge: Hon. Christine M. Arguello

Magistrate Judge: Hon. Kathleen M. Tafoya

## PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO QUASH SUBPOENA

An anonymous individual ("Movant") filed a motion to proceed anonymously and to quash the subpoena issued to Charter Communications. (ECF No. 40.) In support of his motion, Movant argues that "this Court[ ] lack[s] personal jurisdiction" over him. (*Id.* at 1.) Movant also argues the subpoena subjects both Charter Communications and Movant to an undue burden. (*Id.* at 2) Finally, Movant makes several *ad hominem* attacks against Plaintiff. (*Id.* at 1-2.)

## ARGUMENT

This brief consists of three parts. Part I argues that Movant's motion suffers from several fatal procedural defects. Part II argues that Movant's substantive arguments are erroneous and premature. Part III argues that Movant should not be allowed to proceed anonymously.

### I.    MOVANT'S MOTION SUFFERS FROM FATAL PROCEDURAL DEFECTS

Movant's motion suffers from two procedural defects. First, Movant's motion was brought before the wrong court. Second, Movant's motion fails to comply with Federal Rule of Civil Procedure 11.

### A. Movant's Motion was Brought Before the Wrong Court

Federal courts do not have statutory authority to quash or modify a subpoena issued from another district. Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the *issuing court* must quash or modify a subpoena that . . .") (emphasis added.) *See also Jennings v. Short-Elliott-Hendrickson, Inc.*, No. 05-01056, 2007 WL 2045497, at *1 (D. Colo. July 10, 2007) ("Accordingly, the court where the action is pending lacks jurisdiction to rule on subpoenas issued from other courts, unless there is a transfer or remittance of the matter from the issuing court."); *In re Sealed Case*. 141 F.3d 337, 341 (D.D.C. 1998) ("only the issuing court has the power to act on its subpoenas . . . and nothing in the rules even hints that any other court may be given the power to quash or enforce them."); *Boy Racer, Inc. v. John Does 1-34*, No. 11-23035 (S.D. Fla. May 1, 2012), ECF No. 59 at *6 ("the rule permits only ‑the issuing court' to quash or modify a subpoena."). Movant's ISP is Charter Communications. (ECF No. 40.) The subpoena issued to Charter Communications was issued from the Northern District of Illinois. (*See* Charter Subpoena, attached hereto as Exhibit A.) Because Movant failed to bring his motion before the court that issued the subpoena, his motion should be denied.

### B. Movant's Motion Fails to Comply with Federal Rule of Civil Procedure 11

Movant fails to provide any identifying information sufficient to satisfy Federal Rule of Civil Procedure 11. Rule 11 provides that "[e]very pleading, written motion, and other paper must be signed" and "must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a). Courts routinely deny motions for failing to comply with this essential rule. *See e.g.*, *Pink Lotus Entertainment, LLC, v. John Does 1-53*, No. 11-22103 (S.D. Fla. Sept. 6, 2011), ECF No. 19 (denying a motion because "the filer did not state the signer's address, e-mail address, or telephone number as required by Rule 11 of the Federal Rules of Civil Procedure."). Movant failed to provide his name, address, telephone number, or even IP address. (*See*

*generally* ECF No. 40.) The Court should, therefore, deny Movant's motion for failure to comply with this rule.

## II.   MOVANT'S SUBSTANTIVE ARGUMENTS ARE ERRONEOUS AND PREMATURE

Even if Movant's motion did not suffer from fatal procedural defects, his motion should be denied because the arguments he raises are erroneous and premature. First, Movant's personal jurisdiction argument is premature at this stage of the litigation. Second, Movant's undue burden arguments properly lie with Charter Communications. Third, Movant's *ad hominem* attacks do not provide a basis to quash Plaintiff's subpoena.

### A.   Movant's Challenge to Personal Jurisdiction is Premature

Movant argues that "this Court[ ] lack[s] personal jurisdiction" over him. (ECF No. 40 at 1.) Movant's challenge to personal jurisdiction is premature at this stage of the litigation, when the Court has limited means to evaluate Movant's specific connections with this forum. *Virgin Records Am., Inc. v. Does 1–35*, No. 05-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006) ("In each case, courts have rejected [the jurisdiction] argument as 'premature,' even where the Doe defendants assert that they live outside the court's jurisdiction and have minimal or no contacts with that jurisdiction."); *MCGIP, LLC v. Does 1-14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 ("the [movants] argue that this Court may lack personal jurisdiction over them . . . . These arguments are premature."); *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 180–81 (D. Mass 2008) (finding it "premature to adjudicate personal jurisdiction" on the available record).

A court cannot properly assess a defendant's contacts with a forum until the defendant has at least been identified. *Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) (holding that "without identifying information sought by plaintiffs in the [ISP]

3

subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants"); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp. 2d 332, 346 (D.D.C. 2011) ("Without additional information, the Court has no way to evaluate the defendants' jurisdictional defenses."); *Hard Drive Productions, Inc. v. Does 1-118*, No. 11-1567 (N.D. Cal. Nov. 8, 2011), ECF No. 28 at *3 ("a court cannot assess whether personal jurisdiction exists over a particular defendant until the defendant has been identified."). Movant's personal jurisdiction challenge should be rejected as premature.

### B. Movant's Undue Burden Arguments Properly Lies with Charter Communications

Movant claims that the subpoena should be quashed because it subjects Charter Communications to an undue burden by having to travel "more than 200 miles" to comply with Plaintiff's subpoena and because it subjects Movant to an undue burden because "his name will be revealed to" Plaintiff. (ECF No. 40 at 2.) Movant, however, cannot be permitted to stand in the shoes of Charter Communications and argue on its behalf. Further, Movant is not the recipient of Plaintiff's subpoena. Movant faces no obligation to produce any information under the subpoena issued to his nonparty ISP and consequently "cannot claim any hardship, let alone undue hardship." *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *3 (D.D.C. May 12, 2011). Therefore, Movant's undue burden arguments properly lie with Charter Communications. *See First Time Videos, LLC v. Does 1–500*, No. 10-6254 (N.D. Ill. Aug. 9, 2011) ("[I]f anyone may move to quash these subpoenas on the basis of an undue burden, it is the ISPs themselves, as they are compelled to produce information under the subpoena.").

Movant bears the responsibility of proving undue burden, and "the burden is a heavy one," requiring Movant to establish that compliance with the subpoena would be "unreasonable and oppressive." *In re Yassai*, 225 B.R. 478, 483–84 (Bankr. C.D. Cal. 1998) (citing *Williams v.*

*City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)). Movant cannot credibly claim any hardship at this juncture; only the nonparty ISP subject to Plaintiff's subpoena could potentially claim the same. Movant's argument under Federal Rule of Civil Procedure 45(c)(3)(A)(ii), that having his identity released violates his privacy rights, is erroneous. Movant cannot make a claim of privacy when his infringing activities are inherently public. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) ("[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so."); *see also Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *4 (D.D.C. May 12, 2011) (finding movants' rights to anonymity to be minimal). The Court should deny Movant's motion because only a subpoenaed ISP could credibly bring an undue burden argument and Movant has not met his burden even if he were able to bring this argument.

### C. Movant's *Ad Hominem* Attacks Do Not Provide a Basis to Quash Plaintiff's Subpoena

Movant states that Plaintiff's "clear litigation strategy is to obtain large settlements based on the threat that Doe will be irreparably harmed if Doe's identity is made public." (ECF No. 40 at 1.) Movant also states that Plaintiff seeks to "engage [in] a shake-down campaign." (*Id.*) Not only does Movant fail to provide any evidence for these vicious claims, but the list of permissible grounds for quashing or modifying a subpoena does not include *ad hominem* attacks. *See* Fed. R. Civ. P. 45(c)(3). Plaintiff is attempting to stem the tide of unabashed copyrighted infringement via BitTorrent. While Movant goes to great lengths to portray Plaintiff in a negative light, there is nothing wrong with a company focused on protecting its intellectual property—except, of course, from the perspective of an infringer.

### III.     MOVANT SHOULD NOT BE ALLOWED TO PROCEED ANONYMOUSLY

The Court should deny Movant's attempt to proceed anonymously because he fails to meet or discuss his burden to justify doing so. As explained above, supra Part I(B), the Rules provides that "[e]very pleading, written motion, and other paper must be signed" and "must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a). "[P]arties to a lawsuit must typically openly identify themselves in their pleadings to ÷protect[] the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)). Anonymous litigation has been permitted where the issues are "matters of a sensitive and highly personal nature such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families." *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979). Courts have found that individuals' concerns in Movant's position do not rise to this level of sensitivity. *Hard Drive Productions, Inc. v. Does 1–21*, No. 11-00059 (S.D. Ind. July 27, 2011), ECF No. 22 ("[T]he Court cannot permit anonymous persons to litigate before it *pro se*."); *Achte/Neunte Boll Kino Beteiligungs GMBH & CO. KG, v. Does 1–4,577*, No. 10-453 (D.D.C., Sept. 16, 2010); *Hard Drive Productions, Inc. v. Does 1–30*, No. 11-00345 (E.D. Va. Aug. 15, 2011), ECF No. 6 (ordering anonymous movant to provide clerk with his name, address, and telephone number). This Court should do the same, and deny Movant the ability to proceed anonymously.

### CONCLUSION

The Court should deny Movant's motions. Movant's motion suffers from two procedural defects: 1) Movant's motions were brought before the wrong court; and 3) Movant's motion fails to comply with Federal Rule of Civil Procedure 11. Movant's substantive arguments are

erroneous and premature: 1) Movant's personal jurisdiction argument is premature at this stage of the litigation; 2) Movant's undue burden arguments properly lie with Charter Communications; and 3) Movant's *ad hominem* attacks do not provide a basis to quash Plaintiff's subpoena. Movant should not be allowed to proceed anonymously.

                        Respectfully submitted,

                        Sunlust Pictures, LLC

DATED: May 25, 2012

                    By:   s/ Timothy V. Anderson
                           *Timothy V. Anderson, Esq.*
                           Anderson & Associates, PC
                           2492 North Landing Rd, Ste 104
                           Virginia Beach, VA 23456
                           Telephone: (757) 301-3636
                           FAX: (757) 301-3640
                           E-mail: timanderson@virginialawoffice.com
                           Attorney for Plaintiff Sunlust Pictures, LLC

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 25, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

          /s/ Timothy V. Anderson
Timothy V. Anderson, Esq.