# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

SUNLUST PICTURES, LLC,

    Plaintiff,

v.

JOHN DOE,

    Defendant.

CASE NO. 1:12-cv-00656

Judge: Hon. Christine M. Arguello

Magistrate Judge: Hon. Kathleen M. Tafoya

## PLAINTIFF'S RESPONSE TO MOVANT'S OBJECTION LETTER

Surender Chugh ("Movant") filed a letter with the Court "object[ing] to the release of" his information. (ECF No. 39.) Movant argues that he is "not guilty" of infringing on Plaintiff's copyright. (*Id.*) To the extent that Movant's letter is viewed as a motion to quash Plaintiff's subpoena, it should be denied because a denial of liability is not a basis to quash a subpoena. *MCGIP, LLC v. Does 1–316*, No. 10-6677, 2011 WL 2292958, at *1 (N.D. Ill. June 9, 2011) ("A general denial of engaging in copyright infringement . . . is not a basis for quashing a subpoena."); *MCGIP, LLC v. Does 1–18*, No. 11-1495 EMC, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) ("[T]he merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable."); *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *2 (D.D.C. May 12, 2011) ("A general denial of liability is not a basis for quashing the plaintiff's subpoena.").

The proper time to raise these factual denials is after Movant has actually been identified and named as a party in this lawsuit— the latter being a step that Plaintiff may or may not choose to take based on its own evaluation of Movant's assertions. *Voltage Pictures*, 2011 WL 1807438,

1

at *2; *see also Achte/Neunte Boll Kino Beteiligungs GMBH & Co.*, 736 F. Supp. 2d 212, 215 (D.D.C. Sept. 10, 2010) (denying motions to quash and stating that "such defenses are not at issue" before putative defendants are named parties); *Fonovisa, Inc. v. Does 1–9*, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (denying motion to quash and stating that movant will be able to "raise, at the appropriate time [after being named as a party], any and all defenses, and may seek discovery in support of its defenses"). The Court should deny the instant motion because Movant's factual denial is premature and not a basis to quash a subpoena.

                                              Respectfully submitted,

                                              Sunlust Pictures, LLC

DATED: May 25, 2012

                                  By:    s/ Timothy V. Anderson
                                            ***Timothy V. Anderson, Esq.***
                                            Anderson & Associates, PC
                                            2492 North Landing Rd, Ste 104
                                            Virginia Beach, VA 23456
                                            Telephone: (757) 301-3636
                                            FAX: (757) 301-3640
                                            E-mail: timanderson@virginialawoffice.com
                                            Attorney for Plaintiff Sunlust Pictures, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 25, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

                                              /s/ Timothy V. Anderson  
                                              Timothy V. Anderson, Esq.