**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

SUNLUST PICTURES, LLC,

    Plaintiff,

v.

JOHN DOE,

    Defendant.

CASE NO. 1:12-cv-00656

Judge: Hon. Christine M. Arguello

Magistrate Judge: Hon. Kathleen M. Tafoya

**PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO QUASH SUBPOENA**

An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 75.142.192.28 filed a motion to quash the subpoena issued to Charter Communications. (ECF No. 27.) In support of his motion, Movant argues that venue is improper (ECF No. 27 ¶ 4) and the Court lacks personal jurisdiction over him (*id.* ¶ 5), that the subpoena is oppressive and presents an undue burden (*id.* ¶ 7-8), that the subpoena does not seek relevant information (*id.* ¶ 9), and that Plaintiff has improperly joined the defendant(s) in this case (*id.* ¶ 10).

**ARGUMENT**

This brief consists of two parts. Part I argues that Movant's motion suffers from several fatal procedural defects. Part II argues that Movant's substantive arguments are erroneous and premature.

1

I.      MOVANT'S MOTION SUFFERS FROM FATAL PROCEDURAL DEFECTS

Movant's motion suffers from three procedural defects. First, Movant's motion was brought before the wrong court. Second, Movant lacks standing to bring the arguments he raises. Third, Movant's motion fails to comply with Federal Rule of Civil Procedure 11.

A. Movant's Motion was Brought Before the Wrong Court

Federal courts do not have statutory authority to quash or modify a subpoena issued from another district. Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the *issuing court* must quash or modify a subpoena that . . .") (emphasis added.) *See also Jennings v. Short-Elliott-Hendrickson, Inc.*, No. 05-01056, 2007 WL 2045497, at *1 (D. Colo. July 10, 2007) ("Accordingly, the court where the action is pending lacks jurisdiction to rule on subpoenas issued from other courts, unless there is a transfer or remittance of the matter from the issuing court."); *In re Sealed Case*. 141 F.3d 337, 341 (D.D.C. 1998) ("only the issuing court has the power to act on its subpoenas . . . and nothing in the rules even hints that any other court may be given the power to quash or enforce them."); *Boy Racer, Inc. v. John Does 1-34*, No. 11-23035 (S.D. Fla. May 1, 2012), ECF No. 59 at *6 ("the rule permits only 'the issuing court' to quash or modify a subpoena."). Movant's ISP is Charter Communications. (*See* ECF No. 27 at 1.) The subpoena issued to Charter Communications was issued from the Northern District of Illinois. (*See id.* at 57.)

Although the authorization to serve Rule 45 subpoenas comes from this Court, the power to quash or enforce those subpoenas lies solely with the courts from which the relevant subpoenas were issued. *SEC v. CMKM Diamonds, Inc*., 2011 U.S. App. LEXIS 17833, *7-8 (9th Cir. Aug. 26, 2011) ("On the basis of the clear language of Rule 45, we must hold that the court that issued the subpoena, and not the court where the underlying action is pending, can entertain

a motion to quash or modify a subpoena."). Because Movant failed to bring his motion before the court that issued the subpoena, his motion must be denied.

### B. Movant Lacks Standing to Bring the Arguments He Raises in His Motion

When a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by that nonparty. *Vogue Instrument Corp v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967) (explaining that persons "who were neither the persons to whom subpoenas were directed nor in possession or control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas."). The only exception to this general rule applicable here is a claim of privilege. *Windsor v. Martindale,* 175 F.R.D. 665, 668 (D. Colo. 1997) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought.") All subpoenas issued pursuant to the Court's March 22 Order (ECF No. 10) were issued to nonparty ISPs. And Movant did not make a claim of personal right of privilege anywhere in his motion. (*See generally* ECF No. 27.) Movant's motion should therefore be denied, as he lacks standing to bring his arguments to quash or modify the subpoena.

### C. Movant's Motion Fails to Comply with Federal Rule of Civil Procedure 11

Movant fails to provide any identifying information sufficient to satisfy the Federal Rule of Civil Procedure. Rule 11 provides that "[e]very pleading, written motion, and other paper must be signed" and "must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a). This rule is intended to maintain the integrity of the system of federal practice and procedure, deter baseless filings, and streamline the administration and procedure of federal courts. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 552 (1990). Courts routinely deny motions for failing to comply with this essential rule. *See e.g.*, *Pink Lotus Entertainment, LLC, v. John Does 1-53*, No. 11-22103 (S.D. Fla. Sept. 6, 2011), ECF

No. 19 (denying a motion because "the filer did not state the signer's address, e-mail address, or telephone number as required by Rule 11 of the Federal Rules of Civil Procedure."). Movant failed to provide his name, address, or telephone number. (*See generally* ECF No. 27.) This Court cannot be sure that Movant has any legal status in this case. The Court has a responsibility to the parties in a lawsuit to protect them from baseless accusations and unnecessary litigation. *Hard Drive Productions, Inc., v. Does 1-21*, No. 11-00059 SEB (S.D. Ind. July 27, 2011), ECF No. 22 at *2-3 ("The Court must be informed as to the identity of the parties before it for whole host of good reasons, including but not limited to the need to make service of its orders, enforce its orders, and ensure that the Court's resources (and the public tax dollars that fund those resources) are not misspent on groundless litigation.") The Court should deny Movant's motion for failure to comply with this rule.

## II.  MOVANT'S SUBSTANTIVE ARGUMENTS ARE ERRONEOUS AND PREMATURE

Even if Movant's motion did not suffer from fatal procedural defects, his motion should be denied because the arguments he raises are erroneous and premature. First, Movant's personal jurisdiction and venue arguments are premature at this stage of the litigation. Second, Movant cannot credibly claim that the subpoena issued to Charter Communications unduly burdens him. Third, the subpoena seeks relevant information. Fourth, Movant's misjoinder arguments are erroneous because this action involves a single Defendant.

### A. Movant's Challenges to Personal Jurisdiction and Venue are Premature

Movant argues that venue is improper and "the District of Colorado lacks personal jurisdiction over" him. (ECF No. 27 ¶¶ 4, 5.) Movant's challenges to venue and personal jurisdiction are premature at this stage of the litigation, when the Court has limited means to evaluate Movant's specific connections with this forum. *MCGIP, LLC v. Does 1-18*, No. 11-

1495 (N.D. Cal. June 2, 2011), ECF No. 14 at *1 ("[movant's] assertion of improper venue and/or inconvenient forum may have merit but, at this juncture of the proceedings, is premature."); *Imperial Enterprises, Inc. v. Does 1-3,145*, No. 11-0529 (D.D.C. Aug. 30, 2011), ECF No. 43 at *8 ("with regard to the putative defendants' jurisdictional, venue, and merits arguments, these positions are without merit because the putative defendants are not named as defendants in this lawsuit, and they may never be named as defendants in this lawsuit."); *MCGIP, LLC v. Does 1-14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 ("the [movants] argue that this Court may lack personal jurisdiction over them, that venue may be improper, that the defendants have been improperly joined in this action . . . . These arguments are premature.").

A court cannot properly assess a defendant's contacts with a forum until the defendant has at least been identified. *Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) (holding that "without identifying information sought by plaintiffs in the [ISP] subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants"); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp. 2d 332, 346 (D.D.C. 2011) ("Without additional information, the Court has no way to evaluate the defendants' jurisdictional defenses."); *Hard Drive Productions, Inc. v. Does 1-118*, No. 11-1567 (N.D. Cal. Nov. 8, 2011), ECF No. 28 at *3 ("a court cannot assess whether personal jurisdiction exists over a particular defendant until the defendant has been identified."). Plaintiff will be able to proceed only against named defendants over whom this court has personal jurisdiction. *Call of the Wild*, 770 F.Supp.2d at 347-48. After the defendants are named and served, they will have an opportunity to file appropriate motions challenging venue and personal jurisdiction and that will be the appropriate time for the resolution of this issue. *Id.*; *see also Virgin Records*, 2006 WL

1028956, at *3. Until that time, however, Movant's venue and personal jurisdiction arguments are premature.

Finally, this action has been brought against a single Doe defendant. (ECF No. 1.) An analysis regarding venue is only relevant with respect to the lone defendant. 28 U.S.C. § 1391(b) ("A civil action may be brought in— (1) a judicial district in which any *defendant* resides") (emphasis added). Furthermore, a personal jurisdiction analysis is also only relevant with respect to the lone defendant. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Movant is not John Doe. (*See* ECF No. 1 ¶ 4) ("John Doe's IP address, identified as 71.237.3.10 . . ."). Therefore, Movant's arguments regarding venue and personal jurisdiction over Movant and John Doe's other joint tortfeasors has no relevance to whether or not personal jurisdiction will be proper once the lone defendant is named and served. Movant argues that Plaintiff "could easily have determined [the proper venue] before filing the case." (ECF No. 27 ¶ 4.) That is exactly what Plaintiff attempted to do with the very limited information it had. (*See* ECF No. 1 ¶ 9 ("Venue is properly found in this district . . . because John Doe resides in this District, may be found in this District, or a substantial part of the events giving rise to the claims in this action occurred within this District.") Movant's venue and personal jurisdiction challenges should be rejected.

### B. Movant Cannot Credibly Claim that the Subpoena Issued to Charter Communications Unduly Burdens Him

Movant claims that the subpoena should be quashed because it subjects him to an undue burden. (ECF No. 27 ¶¶ 7-8.) Movant, however, is not the recipient of Plaintiff's subpoena. Movant faces no obligation to produce any information under the subpoena issued to his nonparty ISP and consequently "cannot claim any hardship, let alone undue hardship." *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *3 (D.D.C. May 12, 2011);

6

*see also Worldwide Film Ent'm't, LLC v. Does 1–749*, No. 10-0038, 2010 WL 19611962, at *2 (D.D.C. May 17, 2010) (finding that movant challenging nonparty ISP subpoena cannot demonstrate "*any* burden"). Movant bears the responsibility of proving undue burden, and "the burden is a heavy one," requiring Movant to establish that compliance with the subpoena would be "unreasonable and oppressive." *In re Yassai*, 225 B.R. 478, 483–84 (Bankr. C.D. Cal. 1998) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)). Movant cannot credibly claim any hardship at this juncture; only the nonparty ISP subject to Plaintiff's subpoena could potentially claim the same.

The exhaustive list of situations in which a court may quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). Movant's only allowable basis for quashing a subpoena is if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *Id.* 45(c)(3)(A)(iii). No other 45(c)(3) grounds apply here; in particular, undue burden objections properly lie with subpoenaed ISPs, and not with Movant. *See First Time Videos, LLC v. Does 1–500*, No. 10-6254 (N.D. Ill. Aug. 9, 2011) ("[I]f anyone may move to quash these subpoenas on the basis of an undue burden, it is the ISPs themselves, as they are compelled to produce information under the subpoena."); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp. 2d 332, 358-359 (D.D.C. 2011) (describing undue burden test as balancing the burden imposed on the *party subject to the subpoena*, the relevance of the information sought, the breadth of the request, and the litigant's need for the information); *Kessel v. Cook Cnty.*, No. 00-3980, 2002 WL 398506, at *2 (N.D. Ill. Mar. 14, 2002) (noting that objections based on burden lie with the subpoenaed party and rejecting all of plaintiffs' objections to defendants' nonparty subpoenas except "the objections that are personal to the plaintiffs," namely "privacy, privilege and

7

harassment"). The Court should deny Movant's motion because only a subpoenaed ISP could credibly bring an undue burden argument.

### C. The Information Sought in Plaintiff's Subpoena is Relevant to the Action

Movant argues that the "subpoena should not have been issued in the first place because the information sought is not relevant to Plaintiff's allegations." (ECF No. 27 ¶ 9.) The information Plaintiff seeks is highly relevant, however, as this case cannot continue without the information. (*See* ECF No. 7 at 6.) ("Here, the present lawsuit simply cannot prosecute those that have caused harm to its copyright without discovering the identities of John Doe and his joint tortfeasors. As it stands, Plaintiff also has no means of calculating the actual damages to Plaintiff by John Doe's actions through identifying his true peers.") Without the identifying information of John Doe, Plaintiff would be unable to name and serve anyone in this action and seek relief for the harm caused by the infringement of its copyrighted work. Without the identifying information of John Doe's joint tortfeasors, Plaintiff would be unable to determine the extent of the damage caused by the infringement and would be unable to calculate damage. Movant further argues the "relevance is outweighed by the quantum of burden to [Movant]." (ECF No. 27 ¶ 9.) However, as explained above, *see* supra Parts II(A)-(B), Movant is not the Defendant and is not subject to Plaintiff's subpoena. He is not required to litigate this matter or respond to Plaintiff's subpoena. He, therefore, cannot claim any burden. Movant's relevance arguments should be denied.

### D. Movant's Misjoinder Arguments are Erroneous Because this Action Involves a Single Defendant

Movant argues that Plaintiff "has not shown, and cannot show, that joinder of DOE and 1,414 other alleged joint tortfeasors is appropriate . . . ." (ECF No. 27 ¶ 10.) Plaintiff, however, has only brought this action against a *single* defendant— John Doe. (ECF No. 1.) It is axiomatic

8

to say that a single defendant cannot be misjoined with himself. The cases cited by Movant in support of his misjoinder argument are not applicable to the present case, because they were all brought against multiple defendants, making joinder an actual issue in those cases. (ECF No. 27 ¶ 10.) While severance was a plausible remedy in those cases, there are no parties that can be severed from John Doe in this case. Movant's misjoinder arguments are, therefore, moot.

Further, the majority of courts across the country, considering cases with nearly identical facts, have decided that joinder is proper at this stage in the litigation. *First Time Videos, LLC, v. Does 1-76*, 11-3831 (N.D. Ill. (Aug. 16, 2011), ECF No. 38 at \*10 ("[I]n any event, findings of misjoinder in such cases are rare. The overwhelming majority of courts have denied as premature motions to sever prior to discovery"); *Imperial Enterprises, Inc. v. Does 1-3,145*, No. 11-0529 (D.D.C. Aug. 30, 2011), ECF No. 43 at \*3 ("With regard to the putative defendants' misjoinder argument, the undersigned agrees for several reasons with the other members of this Court that the standard for permissive joinder under Federal Rule of Civil Procedure 20(a)(2) has been satisfied."); *AF Holdings, LLC v. Does 1-162*, No. 11-23036 (S.D. Fla. Jan. 12, 2012), ECF No. 22 at \*7 ("courts in other cases involving file sharing through BitTorrent protocol have held that joinder is appropriate.").

## CONCLUSION

The Court should deny Movant's motions. Movant's motion suffers from three procedural defects: 1) Movant's motions were brought before the wrong court; 2) Movant lacks standing to bring the arguments he raises; and 3) Movant's motion fails to comply with Federal Rule of Civil Procedure 11. Movant's substantive arguments are erroneous and premature: 1) Movant's personal jurisdiction and venue arguments are premature at this stage of the litigation; 2) Movant cannot credibly claim that the subpoena issued to Charter Communications

unduly burdens him; 3) the subpoena seeks relevant information; and 4) Movant's misjoinder arguments are erroneous because this action involves a single Defendant.

        Respectfully submitted,

        Sunlust Pictures, LLC

DATED: May 25, 2012

        By:    s/ Timothy V. Anderson
               ***Timothy V. Anderson, Esq.***
               Anderson & Associates, PC
               2492 North Landing Rd, Ste 104
               Virginia Beach, VA 23456
               Telephone: (757) 301-3636
               FAX: (757) 301-3640
               E-mail: timanderson@virginialawoffice.com
               Attorney for Plaintiff Sunlust Pictures, LLC

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on May 25, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

                                                                                     /s/ Timothy V. Anderson
                                                                                Timothy V. Anderson, Esq.