# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

SUNLUST PICTURES, LLC,

    Plaintiff,

v.

JOHN DOE,

    Defendant.

CASE NO. 1:12-cv-00656

Judge: Hon. Christine M. Arguello

Magistrate Judge: Hon. Kathleen M. Tafoya

## PLAINTIFF'S RESPONSE TO MOVANTS' MOTIONS
## TO QUASH OR MODIFY SUBPOENA

Two substantially identical[1] motions were filed by anonymous individuals ("Movants"). (ECF Nos. 25, 28.) The Movants request that the Court quash or modify Plaintiff's subpoenas issued to Movants' Internet service providers ("ISPs"). (ECF Nos. 25, 28.) Movants argue that Plaintiff has improperly joined the Defendant(s) in this case. (ECF Nos. 25 at 1-5; 28 at 1-4.) Movants also argue Plaintiff has failed to establish personal jurisdiction over the Defendant(s). (ECF Nos. 25 at 5-7; 28 at 4-7.) Finally, Movants argues that they are entitled to a protective order. (ECF No. 25 at 8-9; 28 at 7-8.) For the reasons set forth below, Movants' motions must be denied.

## ARGUMENT

---

[1] The first motion was brought by an individual associated with Internet Protocol ("IP") address 98.165.183.92. (ECF No. 25.) The second motion was brought by an individual associated with IP address 68.9.54.33. (ECF No. 28.) The motions have minor formatting differences but their arguments are fundamentally identical and are based off of the same form motion to quash.

1

This brief consists of three parts. Part I argues that Movants' motions suffer from several fatal procedural defects. Part II argues that Movants' substantive arguments are erroneous and premature. Part III argues that Movants are not entitled to a protective order.

## I. MOVANTS' MOTIONS SUFFER FROM FATAL PROCEDURAL DEFECTS

Movants' motions suffer from three procedural defects. First, Movants' motions were brought before the wrong court. Second, Movants lack standing to bring the arguments they raise. Third, Movants' motions fail to comply with Federal Rule of Civil Procedure 11.

### A. Movants' Motions were Brought Before the Wrong Court

Federal courts do not have statutory authority to quash or modify a subpoena issued from another district. Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the *issuing court* must quash or modify a subpoena that . . .") (emphasis added.) *See also Jennings v. Short-Elliott-Hendrickson, Inc.*, No. 05-01056, 2007 WL 2045497, at *1 (D. Colo. July 10, 2007) ("Accordingly, the court where the action is pending lacks jurisdiction to rule on subpoenas issued from other courts, unless there is a transfer or remittance of the matter from the issuing court."); *In re Sealed Case*. 141 F.3d 337, 341 (D.D.C. 1998) ("only the issuing court has the power to act on its subpoenas . . . and nothing in the rules even hints that any other court may be given the power to quash or enforce them."); *Boy Racer, Inc. v. John Does 1-34*, No. 11-23035 (S.D. Fla. May 1, 2012), ECF No. 59 at *6 ("the rule permits only 'the issuing court' to quash or modify a subpoena."). Movants' ISP is Cox Communications. (*See* ECF No. 1-1.) The subpoena issued to Cox Communications was issued from the District of Columbia. (*See* Cox Subpoena, attached hereto as Exhibit A.)

Although the authorization to serve Rule 45 subpoenas comes from this Court, the power to quash or enforce those subpoenas lies solely with the courts from which the relevant

subpoenas were issued. *SEC v. CMKM Diamonds, Inc*., 2011 U.S. App. LEXIS 17833, *7-8 (9th Cir. Aug. 26, 2011) ("On the basis of the clear language of Rule 45, we must hold that the court that issued the subpoena, and not the court where the underlying action is pending, can entertain a motion to quash or modify a subpoena."). Because Movants failed to bring their motions before the court that issued the subpoena, their motions to quash must be denied.

### B. Movants Lack Standing to Bring the Arguments They Raise in Their Motions

When a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by that nonparty. *Vogue Instrument Corp v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967) (explaining that persons "who were neither the persons to whom subpoenas were directed nor in possession or control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas."). The only exception to this general rule applicable here is a claim of privilege. *Windsor v. Martindale,* 175 F.R.D. 665, 668 (D. Colo. 1997) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought.") All subpoenas issued pursuant to the Court's March 22 Order (ECF No. 10) were issued to nonparty ISPs. And Movants did not make a claim of personal right of privilege anywhere in their motions. (*See generally* ECF Nos. 25, 28.) Movants' motions should therefore be denied, as they lack standing to bring their arguments to quash or modify the subpoena.

### C. Movants' Motions Fail to Comply with Federal Rule of Civil Procedure 11

Movants fail to provide any identifying information sufficient to satisfy the Federal Rule of Civil Procedure. Rule 11 provides that "[e]very pleading, written motion, and other paper must be signed" and "must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a). This rule is intended to maintain the integrity of the system of federal practice and procedure, deter baseless filings, and streamline the administration and procedure of

federal courts. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 552 (1990). Courts routinely deny motions for failing to comply with this essential rule. *See e.g.*, *Pink Lotus Entertainment, LLC, v. John Does 1-53*, No. 11-22103 (S.D. Fla. Sept. 6, 2011), ECF No. 19 (denying a motion because "the filer did not state the signer's address, e-mail address, or telephone number as required by Rule 11 of the Federal Rules of Civil Procedure."). Movants fail to provide their names, addresses, e-mail addresses, telephone numbers, or even a copy of any legal documents (such as the subpoenas) they have received in this case. (*See generally* ECF Nos. 25, 28.) This Court cannot be sure that Movants have any legal status in this case. The Court has a responsibility to the parties in a lawsuit to protect them from baseless accusations and unnecessary litigation. *Hard Drive Productions, Inc., v. Does 1-21*, No. 11-00059 SEB (S.D. Ind. July 27, 2011), ECF No. 22 at *2-3 ("The Court must be informed as to the identity of the parties before it for whole host of good reasons, including but not limited to the need to make service of its orders, enforce its orders, and ensure that the Court's resources (and the public tax dollars that fund those resources) are not misspent on groundless litigation.") The Court should deny Movants' motions for failure to comply with this rule.

## II.  MOVANTS' SUBSTANTIVE ARGUMENTS ARE ERRONEOUS AND PREMATURE

Even if Movants' motions did not suffer from fatal procedural defects, their motions must be denied because the arguments they raise are erroneous and premature. First, Movants' misjoinder arguments are erroneous because this action involves a single Defendant. Second, Movants' personal jurisdiction arguments are premature.

### A. Movants' Misjoinder Arguments are Erroneous Because this Action Involves a Single Defendant

Movants argue that "Plaintiff's joinder of over 1300 defendants in this single action is improper and runs the risk of creating unfairness and denying individual justice to those sued." (ECF Nos. 25 at 3; 28 at 2.) Plaintiff, however, has only brought this action against a *single* defendant— John Doe. (ECF No. 1.) A single defendant cannot be misjoined with himself. The cases cited by Movants in support of their misjoinder argument are not applicable to the present case, because they were all brought against multiple defendants, making joinder an actual issue in those cases. (ECF Nos. 25, 28.) While severance was a plausible remedy in those cases, there are no parties that can be severed from John Doe in this case. Movants' misjoinder arguments are, therefore, erroneous.

Further, the overwhelming majority of courts across the country, considering cases with nearly identical facts, have decided that joinder is proper at this stage in the litigation. *First Time Videos, LLC, v. Does 1-76*, 11-3831 (N.D. Ill. (Aug. 16, 2011), ECF No. 38 at *10 ("[I]n any event, findings of misjoinder in such cases are rare. The overwhelming majority of courts have denied as premature motions to sever prior to discovery"); *Imperial Enterprises, Inc. v. Does 1-3,145*, No. 11-0529 (D.D.C. Aug. 30, 2011), ECF No. 43 at *3 ("With regard to the putative defendants' misjoinder argument, the undersigned agrees for several reasons with the other members of this Court that the standard for permissive joinder under Federal Rule of Civil Procedure 20(a)(2) has been satisfied."); *AF Holdings, LLC v. Does 1-162*, No. 11-23036 (S.D. Fla. Jan. 12, 2012), ECF No. 22 at *7 ("courts in other cases involving file sharing through BitTorrent protocol have held that joinder is appropriate.").

### B. Movants' Challenges to Personal Jurisdiction are Premature

Movants argue that "Plaintiff fails to make even a prima facie demonstration of personal jurisdiction over the Defendants." (ECF Nos. 25 at 5; 28 at 5.) Movants' challenges to personal jurisdiction are premature at this stage of the litigation, when the Court has limited means to evaluate Movants' specific connections with this forum. *Virgin Records Am., Inc. v. Does 1–35*, No. 05-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006) ("In each case, courts have rejected [the jurisdiction] argument as ‗premature,' even where the Doe defendants assert that they live outside the court's jurisdiction and have minimal or no contacts with that jurisdiction."); *MCGIP, LLC v. Does 1-14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 ("the [movants] argue that this Court may lack personal jurisdiction over them . . . . These arguments are premature."); *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 180–81 (D. Mass 2008) (finding it "premature to adjudicate personal jurisdiction" on the available record).

A court cannot properly assess a defendant's contacts with a forum until the defendant has at least been identified. *Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) (holding that "without identifying information sought by plaintiffs in the [ISP] subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants"); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp. 2d 332, 346 (D.D.C. 2011) ("Without additional information, the Court has no way to evaluate the defendants' jurisdictional defenses."); *Hard Drive Productions, Inc. v. Does 1-118*, No. 11-1567 (N.D. Cal. Nov. 8, 2011), ECF No. 28 at *3 ("a court cannot assess whether personal jurisdiction exists over a particular defendant until the defendant has been identified."). Plaintiff will be able to proceed only against named defendants over whom this court has personal jurisdiction. *Call of the Wild*, 770 F.Supp.2d at 347-48. After the defendants are named and served, they will have an

opportunity to file appropriate motions challenging this Court's jurisdiction and that will be the appropriate time for the resolution of this issue. *Id.*; *see also Virgin Records*, 2006 WL 1028956, at *3. Until that time, however, Movants' personal jurisdiction arguments are premature.

Movants' personal jurisdiction arguments are further premature because this action has been brought against a single Doe defendant. (ECF No. 1.) A personal jurisdiction analysis is only relevant with respect to the sole defendant. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Movants are not John Doe. (*See* ECF No. 1 ¶ 4) ("John Doe's IP address, identified as 71.237.3.10 . . .") Therefore, Movants' arguments regarding whether or not this Court has personal jurisdiction over them or any of John Doe's other joint tortfeasors has no relevance to whether or not personal jurisdiction will be proper once the lone defendant is named and served. Indeed, Plaintiff has set forth a *prima facie* case for personal jurisdiction over the actual Defendant in this case— John Doe. (*See* ECF No. 1 ¶ 7) ("This Court has personal jurisdiction because upon information and belief, John Doe either resides in or committed copyright infringement in the State of Colorado.") Movants' personal jurisdiction challenges should be rejected.

### III.    MOVANTS ARE NOT ENTITLED TO A PROTECTIVE ORDER

Movants request protective orders, seeking to protect their identities from disclosure to Plaintiff. (ECF Nos. 25 at 8-9; 28 at 7-8.) Rule 26(c) provides that a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed R. Civ. P. 26(c)(1). Movants do not qualify for such an order, as Movants are not subject to Plaintiff's subpoenas, and thus, does not face any "annoyance, embarrassment, oppression, or undue burden or expense." *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *4 (D.D.C. May 12, 2011) (denying motions for protective orders from

thirty-five anonymous movants); *MCGIP, LLC v. Does 1–14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 (finding that movants had "failed to show good cause" for an order under Fed. R. Civ. P. 26(c)(1)); Movants' request for a protective order therefore fails.

A person who uses the Internet to download or distribute copyrighted works without permission is not protected from having their identities disclosed. *See, e.g.*, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010) (concluding that plaintiff's need for discovery of alleged infringer's identity outweighed defendant's First Amendment right to anonymity); *Arista Records, LLC v. Does 1–19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("[C]ourts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights."); *Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 558 (S.D.N.Y. 2004). Movants cannot cloak their identities in the First Amendment when the infringing activities themselves are not private. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) ("[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so."); *see also Voltage Pictures*, 2011 WL 1807438 at *4 (finding movants' rights to anonymity to be minimal). The Court should deny a protective order because Movants are not subject to Plaintiff's subpoenas and Movants' privacy interests are minimal.

## CONCLUSION

The Court should deny Movants' motions. Movants' motions suffer from three procedural defects: 1) Movants' motions were brought before the wrong court; 2) Movants lack standing to bring the arguments they raise; and 3) Movants' motions fail to comply with Federal

Rule of Civil Procedure 11. Movants' substantive arguments are erroneous and premature.

Movants' are not entitled to a protective order.

                              Respectfully submitted,

                              Sunlust Pictures, LLC

DATED: May 25, 2012

                              By:   s/ Timothy V. Anderson
                                    ***Timothy V. Anderson, Esq.***
                                    Anderson & Associates, PC
                                    2492 North Landing Rd, Ste 104
                                    Virginia Beach, VA 23456
                                    Telephone: (757) 301-3636
                                    FAX: (757) 301-3640
                                    E-mail: timanderson@virginialawoffice.com
                                    Attorney for Plaintiff Sunlust Pictures, LLC

9

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on May 25, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

                ___/s/ Timothy V. Anderson_____
                 Timothy V. Anderson, Esq.