**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| SUNLUST PICTURES, LLC, | : |
| Plaintiff, | : |
| v. | : Case No. 1:12-CV-00656-CMA-KMT |
| JOHN DOE, | : |
| Defendant. | : |

**ROBERT ROE'S REPLY TO [53] PLAINTIFF'S OMNIBUS RESPONSE TO MOVANTS' MOTIONS TO DISMISS AND/OR ISSUE PROTECTIVE ORDER**

Comes now, Robert Roe, identified by the IP address 64.233.216.188, by and through undersigned counsel, and files this Reply to [Doc. No. 53] Plaintiff's Omnibus Response to Movants' Motions to Dismiss and/or Issue Protective Order ("Plaintiff's Response").

**I.   Movant Should be Allowed to Proceed Pseudonymously**

The necessity for Movant's implied request to proceed pseudonymously is so obvious and essential to Roe's Motions [Doc. No. 15] that the issue has not even been addressed by a vast majority of the courts presiding over similar cases. *See, e.g.*, *Patrick Collins, Inc. v. John Does 1-15*, No. 1:11-cv-2164-CMA-MJW (D. Colo. dismissed Apr. 4, 2012); *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 277 F.R.D. 672 (S.D. Fla. 2011); *Hard Drive Productions, Inc. v. Does 1-30*, No. 2:11-CV-345, 2011 WL 4915551 (E.D. Va. Oct. 17, 2011); *K-Beech, Inc. v. Does 1-78*, No. 5:11-CV-05060 (E.D. Penn. Oct. 3, 2011). Dealing with this question in a similar circumstance, the District of Maryland found that the "[d]efendant's motion to quash for the very purpose of

protecting his/her identifying information, and motion to sever based on the nature of the plaintiff's underlying claims, should be allowed to proceed anonymously because assessing these preliminary matters without knowing defendants' identities causes plaintiff no harm." *Patrick Collins, Inc. v. Does 1-7*, No. 8:12-cv-95-JFM, 2012 WL 1150827, at *1 n.2 (D. Md. Apr. 4, 2012); *cf. Nu Image, Inc. v. Does 1-3,932*, No. 2:11-cv-545-SPC-JES, 2012 WL 1890632 (M.D. Fla. May, 9, 2012), *rejecting* 2012 WL 1387271, at *1 (implicitly rejecting plaintiff's demand that defendants should not be permitted to proceed anonymously).  Denying Movant the ability to proceed anonymously (at least until such time as the Court issues a final order on the subject Motions) would effectively eliminate any means that Movant has to challenge the discovery sought and would be a denial of due process.

## II.     Movant has Standing to Seek a Protective Order from this Court

Plaintiff has carefully crafted its Complaint so as to allege causes of action against 1,385 Internet Service Provider ("ISP") subscribers without calling them "defendants" in this lawsuit.  Plaintiff has done this in a failed attempt to rob these individuals of their standing to challenge the expedited discovery authorized by this Court.  Acts of congress, the courts, and common sense all indicate that these ISP subscribers – whether denominated by Plaintiff as defendants, co-conspirators, joint tortfeasors, or otherwise – have at least some minimal standing to challenge the validity of the discovery issued and the underlying suit, which in this case is nothing more than a pornographer's *ex parte* abuse of the judicial system to obtain the names of ISP subscribers in an effort to extort multi-thousand dollar settlements.

Congress mandated that subscribers be notified before disclosure of their personally identifying information on record with their ISPs because they have a privacy interest in such information and thus an implied due process right to contest its disclosure. H.R. Rep. 98-934, at *79 ("The Congress is recognizing a right of privacy in personally identifiable information collected and held by a cable company…"). This right of ISP subscribers to be notified of an order requiring the disclosure of their personally identifiable information has already been recognized by this Court.[1] *Patrick Collins, Inc., v. Does 1-15*, No. 1:11-cv-2164-CMA-MJW, Order [Doc. No. 10], at 2 (D. Colo. Apr. 4, 2012) (requiring IPSs to notify subscribers of ordered disclosure of personally identifiable information). The only logical reason for requiring such notice is so that the subscriber may challenge the discovery order in the underlying court, seek a protective order, and challenge the subpoena.

Finally, the common sense notions of substantive justice and fair play require that ISP subscribers have standing to challenge discovery orders allowing subpoenas to be issued which seek disclosure of their confidential personally identifiable information from their non-party ISPs and to seek protective orders to prevent or limit the disclosure of that information. Non-party ISPs cannot be expected to act as the guardians of subscribers' congressionally recognized privacy interest in their personally identifying information. Even if an ISP chooses to challenge these types of subpoenas, it cannot

---

[1] Many other district courts have even required that subscribers be expressly notified of their right to challenge such discovery orders. *See, e.g.*, *AF Holdings LLC v. Does 1-1140*, No. 1:11-cv-1274-RBW, Order [Doc. No. 4], at 2 (D.D.C. Mar. 1, 2012) ("such notice shall inform the subscribers of their right to challenge the subpoena in this Court"); *Millennium TGA, Inc. v. John Doe*, No. 4:11-cv-4501, Order [Doc. No. 6] ¶ 5 (S.D. Tex. Feb. 9, 2012) ("Subscribers shall have thirty (30) days from the date of notice of the subpoena upon them to file any motions in this Court to contest the subpoena").

be expected to carry the burden of challenging each subpoena issued in the hundreds of nearly identical cases currently proceeding through the courts.

Plaintiff argues that the "plain language" of the Federal Rules of Civil Procedure limit standing to parties and persons from whom discovery is sought. (Pl.'s Resp. [Doc. No. 53], at 6.)  However, the "plain language" of the Rules also prohibits the filing of a case against a "John Doe" defendant (Fed. R. Civ. P. 10(a) ("the title of the action shall include the names of all the parties")).  While it may be unusual for a non-party, about whom (but not from whom) discovery is sought, to move for a protective order, it is even more unusual for a lawsuit to proceed against a single unnamed defendant and have expedited discovery on non-parties about information about 1,385 other non-parties.

### III.     Movant's Declaration was Properly Executed

Although the Declaration of Robert Roe [Doc. No. 15-1] ("Declaration") was signed using a pseudonym, its execution was proper and it should be accepted by this Court.  The Declaration at issue here identifies the Movant by both pseudonym and IP number.  It is also executed under the penalty of perjury and is otherwise dated and signed in substantial compliance with 28 U.S.C. § 1746.[2]  When the Middle District of Florida was presented with a nearly identical situation, it found that such declarations were compliant with 28 U.S.C. § 1746 and sufficient to evidence the court's lack of personal jurisdiction over the declarants. *See Nu Image, Inc.*, 2012 WL 1898624, at *5 (M.D. Fla. May, 9, 2012), *adopted by* 2012 WL 1890632.  As such, this Court should

---

[2]     Further, in paragraph 19 of the Declaration, Movant stated that "[s]hould the Court require or request [him] to do so, [he] will file a notarized version of this Declaration which includes [his] personal information.  [He] will, however, seek to file such an Affidavit under seal." (Roe Decl. [Doc. No. 15-1] ¶ 19.)

accept the Declaration and consider it in support of Robert Roe's Motion to Dismiss and/or Issue a Protective Order [Doc. No. 15].

### IV.  The Court Erred in Granting Plaintiff's Request for Expedited Discovery and a Protective Order Should Be Issued

Plaintiff claims that Movant's request for reconsideration of the Order Granting Expedited Discovery [Doc. No. 10] is "a bold request that is granted only in extreme circumstances." (Pl.'s Repl. [Doc. No. 58], at 8.)  However, such a request is no more bold than Plaintiff's *ex parte* request for leave to take expedited discovery as to the identities of 1,385 non-parties, over many of whom this Court lacks personal jurisdiction.

Plaintiff cites three cases in support of its contention that "[t]he overwhelming majority of district courts presented with similar applications have granted their approval…." (*Id.* at 8-9.)  However, the case law on this issue does not support such a seeping conclusion.

Plaintiff is correct that the Southern District of Texas granted expedited discovery as to the identities of non-party "co-conspirators" in *Millennium TGA, Inc. v. John Doe*, No. 11-4501 (S.D. Tex. Feb. 9, 2012) ("*Millennium II*").  However, that was only after the plaintiff voluntarily dismissed a nearly identical complaint (*i.e.* same IP addresses alleged of infringing upon the same film) that was filed in the District Court for the District of Columbia and had been assigned to Judge Wilkins, who had previously denied requests for expedited discovery in similar cases. *Millennium TGA, Inc. v. Does 1-939*, No. 1:11-cv-02176 (D.D.C. Dec. 7, 2011) ("*Millennium I*").  The plaintiff then issued a subpoena out of the District of Columbia and moved to compel its enforcement in *Millennium TGA, Inc. v. John Doe*, No. 12-mc-150-ESH (D.D.C. Mar. 7, 2012) ("*Millennium III*").  Comcast filed an opposition to Millennium's motion to compel and

moved to have *Millennium III* reassigned to Judge Wilkins. *Millennium III*, No. 1:12-mc-150-RLW-AK [Doc. Nos. 7-9].  District Judge Ellen Huvelle recognized the blatant "judge-shopping" that the plaintiff had done to obtain its grant of expedited discovery and reassigned *Millennium III to* Judge Wilkins. *Millennium III*, No. 1:12-mc-150-RLW-AK, Order [Doc. No. 20].

While the Eastern District of California and the Eastern District of Virginia did grant expedited discovery to identify the John Doe defendant and alleged "joint tortfeasors" in *Pac. Century Int'l, LTD v. Doe*, No. 11-3479 (E.D. Cal. Jan 19, 2012) and *First Time Videos LLC v. Doe*, No. 11-690 (E.D. Va. Jan 9, 2012), the Northern District of Illinois found the discovery to be inappropriate when the plaintiffs moved to compel compliance with the related subpoenas issued out of that court. *Pac. Century Int'l, Ltd. v. Does 1-37*, --F.Supp.2d--, 2012 WL 1072312 (N.D. Ill. 2012).  As an initial matter, the court recognized that the plaintiffs had adopted this litigation tactic "to avoid the personal jurisdiction and joinder issues" that would have been more readily apparent if the "joint tortfeasors" were joined as John Doe defendants. *Id.* at *3.  The court then denied these plaintiffs' motions to compel because "the identity of individuals connected with nonparty IP addresses is not relevant to the pending claims." *Id.* at *4.  The court reasoned that:

> In light of the structure of the BitTorrent system, subpoenas seeking the identity of users of non-party IP addresses are not reasonably calculated to lead to the discovery of evidence relevant to the pending claims. BitTorrent users remain anonymous to other BitTorrent users, and have no connection to them beyond the mere fact that they downloaded the same file.  It is therefore not a reasonable calculation that the individuals connected to the subpoenaed IP addresses will have any discoverable information related to the current defendants.

*Id.* (footnote omitted).

The plaintiffs sought to alter or amend this order, arguing that the court had failed to consider the relevance of the requested discovery about the identities of non-parties with respect to the plaintiffs' contributory infringement claims. *Id.* at *10. The plaintiffs in *Pac. Century*, like the Plaintiff here, asserted that they must show that the individuals connected to the non-party IP addresses directly infringed the plaintiffs' copyrights in order to show the Doe defendants' contributory infringement, and thus the discovery sought was relevant to their claim against the doe defendants. *Id.* However, the *Pac. Century* Court denied the plaintiffs' motion, adopting contrary argument that, like here, the large time period between the defendants' alleged downloading activity created a substantial possibility that the defendants were not sharing the copyrighted work with each other.[3] *Id.* at *7-12.

As such, this Court should reverse its original finding of good cause for expedited discovery of the alleged "joint tortfeasors" personally identifying information from the ISPs and/or issue a protective order prohibiting or limiting the disclosure of Movant's personally identifying information by his ISP.

### V. Plaintiff's Counsel has Failed to Address the Assertion that He Failed to Present the Court with all Material Facts in Plaintiff's *ex parte* Motion for Expedited Discovery

In Robert Roe's Motion [Doc. No. 15], the undersigned attorney stated his good-faith belief that Plaintiff's counsel failed to present this Court with all of the material facts concerning the evidence presented in support of Plaintiff's *ex parte* Motion for Expedited

---

[3] The court also dismissed the plaintiffs' contention that that their need for discovery of non-parties identities was urgent "because the ISPs have a duty to preserve 'relevant evidence over which [they] had control and reasonably knew or could reasonably foresee was material to a potential legal action.'" *Id.* at *11 n.4 (citing *China Ocean Shipping (Grp.) Co. v. Simone Metals Inc.*, No. 97 C. 2694, 1999 WL 966443, at *3 (N.D. Ill. Sept. 30, 1999)).

Discovery [Doc. No. 6]. Specifically, Plaintiff's counsel failed to confirm or deny the existence of a close familial relationship between Plaintiff's general national counsel and the Declarant Peter Hansmeier, as is required by Colorado Rule of Professional Conduct 3.3(d). (MPO [Doc. No. 15], at 6-7.) This is an extremely serious issue, which Movant expected Plaintiff to address and clarify in its Response. To the Movant's astonishment, not even once in Plaintiff's fifteen (15) page Response did it address the assertion that material facts may have been withheld from this Court when considering Plaintiff's *ex parte* Motion for Expedited Discovery. (Pl.'s Resp. [Doc. No. 53].)

### VI. Plaintiff's Civil Conspiracy Claim Should be Dismissed by the Court, *sua sponte*, Because it is Preempted by the Copyright Act

Plaintiff's state law claim for civil conspiracy is preempted by Section 301 of the Copyright Act. That section expressly preempts any state law claims that (1) fall within the subject matter of copyright and (2) create rights that are the equivalent of any of the exclusive rights created by copyright law. 17 U.S.C. § 301(a).

In determining whether a state law claim is functionally equivalent to or qualitatively different from a right protected by the Copyright Act, the Court of Appeals for the Tenth Circuit has applied an "extra element" test: "if a state cause of action requires an extra element, beyond mere copyright, preparation of derivative works, performance, distribution or display, then the state cause of action is qualitatively different from, and not subsumed within, a copyright infringement claim and federal law will not preempt the state action." *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 847 (10th Cir. 1993).

Under Colorado law, a civil conspiracy claim requires proof of (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or

course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof. *Jet Courier Serv., Inc. v. Mulei*, 771 P.2d 486, 502 (Colo. 1989).

Although the precise elements of a civil conspiracy claim differ from those of a claim for copyright infringement, it is not qualitatively different from a claim of contributory copyright infringement. *Dun & Bradstreet Software Sers., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 218 (3d Cir. 2002) (citing *Data General Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1164-65 (1st Cir. 1994)).  Although the Tenth Circuit does not appear to have ruled on this precise issue, various federal courts applying the extra element test have found state law claims for civil conspiracy preempted by the copyright act. *See, e.g.*, *MDM Grp. Assocs. v. Emerald Isle Realty, Inc.*, Civ. A. No. 07-48-D, 2008 WL 2641271, at *5-6 n.4 (E.D.N.C. July 1, 2008); *Higher Gear Grp., Inc. v. Rockenbach Chevrolet Sales, Inc.*, 223 F.Supp.2d 953, 959-60 (N.D. Ill. 2002); *Cooper v. Sony Music Entm't, Inc.*, Civ. A. No. 01-0941(DH), 2002 WL 391693, at *3-4 (S.D. Tex. Feb. 22, 2002). Moreover, when courts have found that the Copyright Act does not preempt claims for civil conspiracy the factual scenarios therein alleged a conspiracy to commit an underlying tort or wrong other than copyright infringement, such as fraud. *See, e.g.*, *Xpel Techs. Corp. v. Am. Filter Film Distribs.*, 2008 WL 3540345, at *8 (W.D. Tex Aug. 11, 2008); *Cooper*, 2002 WL 391693, at *3-4.

A civil conspiracy cause of action requirement of a "meeting of the minds on the object to be accomplished" is not qualitatively different from that of contributory copyright infringement when the underlying action in copyright infringement and the intent alleged is only an intent to form an agreement to commit copyright infringement. *Tegg Corp. v. Beckstrom Elec. Co.*, 650 F.Supp.2d 413, 426-27 (W.D. Penn. 2008)

9

(extensive discussion). Further the element of damages, does not differ between the two causes of action. The general rule in Colorado is that conspirators are jointly and severally liable for the damages resulting from a conspiracy. Colo. Stat. 13-21-111.5(4); *Resolution Trust Corp. v. Heiserman*, 898 P.2d 1049, 1056 (Colo. 1995) (en banc). The entire theory of contributory infringement is based on "the basic common law doctrine that one who knowingly participates or furthers a tortious act is jointly and severally liable with prime tortfeasor…." *Screen Gems-Columbia Music, Inc. v. Mark Pi Records, Inc.*, 256 F.Supp. 399 (S.D.N.Y. 1966); *also Columbia Pictures Indus.*, 749 F.2d at 160; *Fermata Int'l Melodies, Inc. v. Champion Golf Club, Inc.*, 712 F.Supp. 1257, 1262 (S.D. Tex. 1989).

Plaintiff's claim for civil conspiracy is preempted by the Copyright Act's cause of action for contributory infringement. Both claims are designed to extend joint and several liability for the relevant activity – the alleged copyright infringement. Plaintiff's civil conspiracy claim does not allege any extra element and would not enforce any other rights not already covered by its claim of contributory copyright infringement. The claims are, therefore, not qualitatively different from each other.

        Respectfully submitted,

        TAMAROFF & TAMAROFF, P.A.
        169 East Flagler Street, Suite 1633
        Miami, Florida 33131
        Tel: (305) 403-2020
        Fax: (305) 403-2021
        admin@tamarofflaw.com

        By:  /s/ David F. Tamaroff.
          **DAVID F. TAMAROFF**
          Florida Bar No. 92084
          david@tamarofflaw.com
          ***Attorney for Robert Roe***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of June, 2012, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all of those parties receiving notification through the CM/ECF system, and that a true and correct copy of the foregoing was sent via First-Class, postage prepaid to:

Richard Roe
176 Lake Road
Huntsville, TX 77320
*Interested Party, pro se*

Surender (Sam) Chugh
P.O. Box 178
Lake Leelanau, MI 49653
*Interested Party, pro se*

Todd Meyer
914 West Center St., #1
Rochester, MN 55902
*Interested Party, pro se*

By: /s/ David F. Tamaroff.
**DAVID F. TAMAROFF**