IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–00656–CMA–KMT

SUNLUST PICTURES, LLC,

      Plaintiff,

v.

JOHN DOE,
JOE,
JOHN DOE 35, and
JOHN DOE 72.207.101.141,

      Defendants.

## ORDER

This matter is before the court on "Plaintiff's Motion for Leave to Amend the Complaint." (Doc. No. 83, filed July 24, 2012.) Plaintiff seeks leave to amend its Complaint to substitute Mr. William Cisa for Defendant John Doe.

Pursuant to Federal Rule of Civil Procedure 15(a), "The court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the

> merits. In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983). The Federal Rules reject the approach "that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

This case is in its relative infancy. Indeed, up to this point, Defendant had not been identified by name. As a consequence, a Scheduling Conference, during which the court will set a deadline for amending the pleadings and joining parties, *see* Fed. R. Civ. P. 16(a)(3)(A), has not been held. Thus, there can be little, if any, argument that Plaintiff's proposed amendments are unduly delayed or prejudicial. Furthermore, the court cannot find that Plaintiff's proposed amendment is submitted in bad faith, as its efforts to uncover Mr. Cisa's identity were permissibly taken pursuant to the court's Order granting Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference. (*See* Doc. No. 10, filed Mar. 22, 2012.)

In addition, the court notes that the question of whether Plaintiff's proposed amendments are futile is substantially equivalent to the question of whether Plaintiff's Amended Complaint states a claim for relief. *See Gohier v. Enright,* 186 F.3d 1216, 1218 (10th Cir. 1999). As such,

the court finds it proper to defer this question until if and when Mr. Cisa files a proper motion to dismiss under Fed. R. Civ. P. 12. *See General Steel Domestic Sales, LLC v. Steelwise, LLC,* 07-cv-01145-DME-KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008).

As a final matter, the court notes that Plaintiff has not attached a proposed amended complaint to its motion. Ordinarily, when filing a motion to amend, the plaintiff must attach a proposed amended complaint to his motion. A plaintiff may not simply incorporate by reference his original complaint when seeking leave to amend. Rather, the amended complaint must stand alone and must contain all of the plaintiff's claims and name all of the defendants. Nevertheless, because Plaintiff's proposed amendments are not substantive, but rather seek simply to substitute Mr. Cisa for Defendant John Doe, the court will allow Plaintiff to file an amended complaint within a reasonable time from the date of this Order. The amended complaint shall not feature any amendments to the original Complaint other than the substitution of Mr. Cisa for Defendant John Doe.

Therefore, for the foregoing reasons, it is

ORDERED that "Plaintiff's Motion for Leave to Amend the Complaint." (Doc. No. 83) is GRANTED. Plaintiff may file an Amended Complaint consistent with this Order no later than September 21, 2012.

Dated this 5th day of September, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

3