IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–00656–CMA–KMT

SUNLUST PICTURES, LLC,

      Plaintiff,

v.

WILLIAM CISA,

      Defendant.

---

# ORDER

---

This matter is before the court on the following pending motions:

"Robert Roe's (IP Address 64.233.216.188) Motion to Dismiss and/or Issue a Protective Order, and Incorporated Memorandum of Law" (Doc. No. 15, filed May 11, 2012 [hereinafter "Robert Roe Mot."]);

"Motion by Richard Roe (Identified as IP Address 98.168.237.107) to Quash Subpoena and/or Issue a Protective Order, and Incorporated Memorandum of Law" (Doc. No. 19, filed May 17, 2012 [hereinafter "Richard Roe Mot.]);

"Sam Soe's (IP Address 96.32.247.127) Motion to Dismiss and/or Issue a Protective Order, and Incorporated Memorandum of Law" (Doc. No. 32, filed May 21, 2012 [hereinafter "Soe Mot.]);[1]

---

[1] The court notes that Movants Richard Roe's and Soe's Motions are essentially identical to Movant Robert Roe's Motion. It appears that Movant Richard Roe and Soe are *pro se* parties who elected to simply "cut and paste" Robert Roe's Motion, which was filed by an attorney, rather than craft original motions on their own behalf.

> John Doe[2] (IP Address 72.207.101.141)'s (hereinafter "Doe #1") "Motion to Quash, Sever, and Dismiss" (Doc. No. 44, filed May 22, 2012 [hereinafter "Doe #1 Mot."]);
>
> Doe 64.121.23.64's (hereinafter "Doe #2) "Motion to Sever Doe 64.121.23.64 as a Defendant, Motion to Quash the Subpoena Served Upon RCN Telecom Services, LLC, and Motion for a Protective Order" (Doc. No. 71, filed June 27, 2012 [hereinafter "Doe #2 Mot.]);
>
> "Movant S. Shaw [sic] (184.99.233.13) Motion for Leave to Proceed Anonymously" (Doc. No. 73, filed June 29, 2012 [hereinafter "Shaw Mot. Proceed Anonymously"]); and
>
> "Movant Sebastian Shaw's Motion to Quash the Subpoena and Accompanying Memorandum of Authorities" (Doc. No. 74, filed June 29, 2012 [hereinafter "Shaw Mot. Quash"]).

"Plaintiff's Omnibus Response to Movants' Motions to Dismiss and/or Issue a Protective Order," which is responsive to Movants Richard Roe's, Robert Roe's, and Sam Soe's Motions, was filed on May 25, 2012. (Doc. No. 53.) Plaintiff filed a response to Movant Doe #1's Motion on June 4, 2012 (Doc. No. 61); a response to Movant Doe #2's Motion on July 11, 2012 (Doc. No 78); and responses to Movant Sebastian Shaw's Motion to Proceed Anonymously and Motion to Quash on July 11, 2012 (Doc. Nos. 79 & 80). Although Movants Robert Roe and Doe #1 filed replies in support of their Motions on June 8, 2012 and June 18, 2012, respectively (Doc. Nos. 64 & 66), none of the remaining Movants filed replies. Accordingly, this matter is ripe for the court's review and ruling.

---

[2] To be clear, although this Movant has identified himself as "John Doe," neither he or Doe 64.121.23.64 are the "John Doe" identified in Plaintiff's original Complaint (Doc. No. 1, filed Mar. 15, 2012 [hereinafter "Original Compl."]). Plaintiff has since filed an Amended Complaint, which substitutes William Cisa for the original John Doe defendant. (Doc. No. 90, filed Sept. 90, 2012 [Am. Compl.]).

**BACKGROUND**

In this case, Plaintiff alleges that Defendant William Cisa, formerly identified as John Doe, and his "joint tortfeasors" unlawfully reproduced and distributed copies of Plaintiff's copyrighted video "Sunny Leone – Goddess" (hereinafter "the Video") using BitTorrent technology. (*See* Am. Compl. ¶¶ 1, 3.) Bit Torrent technology has been described as follows:

> In the BitTorrent vernacular, individual downloaders/distributors of a particular file are called "peers." The group of peers involved in downloading/distributing a particular file is called a "swarm." A server which stores a list of peers in a swarm is called a "tracker." A computer program that implements the BitTorrent protocol is called a BitTorrent "client."
>
> The BitTorrent protocol operates as follows. First, a user locates a small "torrent" file. This file contains information about the files to be shared and about the tracker, the computer that coordinates the file distribution. Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the tracker listed in the torrent file. Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to the peers in the swarm until the user manually disconnects form [sic] the swarm or the BitTorrent client otherwise does the same.

*Diabolic Video Prods., Inc. v. Does 1–2099,* 2011 WL 3100404, at *2 (N.D. Cal. May 31, 2011); (*see also* Am. Compl. ¶¶ 12-13). Plaintiff alleges that Defendant Cisa and his "joint tortfeasors" downloaded a torrent file specific to the Video, loaded that torrent file into their BitTorrent clients, entered a BitTorrent swarm particular to the Video, reproduced a copy of the Video, and distributed the Video to numerous third parties. (*Id.* ¶ 22.) Importantly, while Plaintiff has named Mr. Cisa as a defendant, it <u>has not</u> named any of the "joint tortfeasors" as additional defendants. (*See id.*; *see also* Orig Compl.) Additionally, although Mr. Cisa has been

substituted for the John Doe defendant, he has not yet been served, and therefore regularly scheduled discovery has not yet commenced.

On March 16, 2012, Plaintiff filed a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference. (Doc. No. 6, filed Mar. 16, 2012 [hereinafter "Early Discovery Mot."].) Therein, in an effort to identify Defendant Cisa and his "joint tortfeasors," Plaintiff requested permission to serve limited, immediate discovery on Defendant's and the "joint tortfeasors'" Internet Service Providers ("ISPs"). (*See id.*) On March 22, 2012, the court determined that Plaintiff had shown good cause for limited expedited discovery, and granted Plaintiff's Motion in part. (Order, Doc. No. 10 [hereinafter "Order Granting Early Discovery"].) In particular, the court authorized Plaintiff to serve third-party subpoenas, pursuant to Fed. R. Civ. P. 45, on Defendant's and his "joint tortfeasors'" ISPs prior to the Rule 26(f) conference for the limited purpose of ascertaining Defendant's and his "joint tortfeasors'" identities. (*See id.*)

Consistent with the court's Order Granting Early Discovery, on various dates, Plaintiff served subpoenas on Movants Robert Roe's, Richard Roe's, Sam Soe's, Doe #1's, Doe #2's, and Sebastian Shaw's (hereinafter, collectively, "Movants" or "the Movants") ISPs.[3] Because Mr. Cisa has since been substituted for the John Doe defendant, Movants, by process of elimination, are necessarily Defendant Cisa's alleged "joint tortfeasors." Many of the Movants were notified by their ISPs that their identifying information would be released unless an objection or motion

---

[3] (*See* Robert Roe Mot., Ex. A, Declaration of Robert Roe ["Robert Roe Decl."] at Ex. 2; Richard Roe Mot., Ex. A., Declaration of Richard Roe [Richard Roe Decl.] at Ex. 2; Soe Mot., Ex. A, Declaration of Sam Soe ["Soe Decl."] at Ex. 2; Doe #1 Mot., Ex. A; Doe #2 Mot., Ex. A at 6; Shaw Mot. Quash ¶ 2.)

to quash was filed with the court. (*See, e.g.,* Robert Roe Decl., Doc. No. 15-1, at Ex. 1.)[4]
Accordingly, Movants filed their respective motions listed above. In those motions, Movants seek either to quash the subpoenas served on their ISPs or, alternatively, a protective order from the same. In addition, several of the Movants seek to be dismissed or severed from this action. Finally, Movants Robert Roe, Richard Roe, and Sam Soe seek reconsideration of the court's Order Granting Early Discovery. These and other arguments are addressed in turn below.

## DISCUSSION

### *A.     Requests to Proceed Anonymously*

As a threshold matter, the court notes that Movants are all proceeding by pseudonym—although only Movant Shaw affirmatively filed a motion to proceed anonymously. (*See* Shaw's Mot. to Proceed by Pseudonym.) Plaintiff objects to the court permitting Movants to proceed anonymously.

"Proceeding under a pseudonym in federal court is, by all accounts, an unusual procedure." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (citing *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). Indeed, "there does not appear to be any specific statute or rule supporting the practice. To the contrary, the Federal Rules of Civil Procedure mandate that all pleadings contain the names of the parties, *see* Fed. R. Civ. P. 10(a), and Rule 17(a)

---

[4] Plaintiff argues that the court should strike Movants' Declarations. (*See* Omnibus Resp. at 12-13.) However, as this argument effectively constitutes a motion to strike, Plaintiff was required to file this by separate paper. D.C.COLO.LCivR 7.1C ("A motion shall not be included in a response or reply to the original motion. A motion must be made by separate paper.") In any event, the court notes that it relies on Movants' respective declarations in this order only to provide background, and never in a manner that could be considered adverse to Plaintiff.

5

specifically states that '[e]very action shall be prosecuted in the name of the real party in interest.'" *Id.*

Nevertheless, permitting a party to proceed anonymously may be warranted in "exceptional circumstances," such as cases involving "[1] matters of a highly sensitive and personal nature, [2] real danger of physical harm, or [3] where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id.* The court must also "weigh the public interest in determining whether some form of anonymity is warranted." *Id.* Whether a party may proceed anonymously is subject to the discretion of the trial court. *See M.M.,* 139 F.3d at 799 (district court decision's denying leave to proceed under a pseudonym is reviewed under the abuse of discretion standard).

The court finds that the third "exceptional circumstance" is present in this case. Here, in their respective motions, Movants, *inter alia,* move to quash the subpoenas issued to their ISPs for the very purpose of protecting their personal identifying information from disclosure. Requiring Movants to proceed without anonymity would effectively moot the very relief they seek and would provide Plaintiff a "backdoor" route to the information sought through the subpoenas issued to Movants' ISPs. Moreover, assessing these preliminary matters without knowing the Movants' identies will not cause Plaintiff any cognizable harm. The court emphasizes that this is by no means a substantive finding that the Movants have a cognizable right of privacy in their identifying subscriber information. Rather, "it is a procedural decision allowing these early motions to proceed anonymously when there is little if any harm to the

plaintiff[]."[5]  *Cinetel Films, Inc. v. Does 1,052,* 853 F. Supp. 2d 545, 547 (D. Md. 2012).

Accordingly, the court will grant Movant Shaw's Motion for Leave to Proceed Anonymously

and will likewise permit the remaining Movants to proceed anonymously.

### B.   *Motions to Dismiss and/or for Severance*

All of the Movants, save for Sebastian Shaw, seek to either be dismissed from this action, to have some or all of Plaintiff's claims dismissed, or to be severed from this action.  For example, Movants Robert Roe, Richard Roe, and Sam Soe seek to have the court dismiss *sua sponte* "Plaintiff's claim of civil conspiracy and/or all causes of actions pursuant to Fed. R. Civ. P. 12" (*see, e.g.,* Robert Roe Mot. at 18), and Doe #2 seeks to be "sever[ed] from all other defendants and alleged joint tortfeasors" (Doe #2 Mot. at 11).  However, because Movants are not parties to this action, at least at this juncture, they do not have standing to seek to have this action dismissed.  *See* Fed. R. Civ. P. 12(b) ("[A] *party* may assert [Rule 12(b)] defenses by motion . . . .") (emphasis added); *see also Fed. Sav. & Loans Ins. Corp. v. Tullos-Pierremont*, 894 F.2d 1469, 1475 (5th Cir. 1990) (under common law, unserved parties are nonparties); *Wasson v. Riverside Cnty.*, 237 F.R.D. 423, 424 (C.D. Cal. 2006) (a nonparty lacks standing to bring a motion to dismiss); *Kimes v. Laboratory Corp. of America, Inc.*, 1:00-cv-01093, 2002 WL 31812919, at *1 (M.D.N.C. Dec. 13, 2002) (same).

---

[5] Indeed, the only likely harm that might result from allowing the Movants to proceed anonymously is "diminution of the threat of publicly disclosing [Movants'] identit[ies] (thereby embarassing [Movants]) as leverage to force a settlement."  *Sunlust Pictures, LLC,* 12 C 1546, 2012 WL 3717768, at *5 (N.D. Ill. Aug. 27, 2012) (unpublished).

Similarly, because Movants have not been named as defendants and, therefore, Plaintiff has not asserted any claims against them, as both a logical and legal matter, the court cannot sever Movants or the "claims" against them from this action. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a *party*. The court may also sever any claim against a *party*.") (emphasis added). Accordingly, the court will deny Movant Robert Roe's, Richard Roe's, Sam Soe's, Doe #1's, Doe #2's Motions without prejudice as premature to the extent that they seek either to dismiss Plaintiff's claims or to sever Movants from this action.

### C. *Motions to Quash and/or Issue a Protective Order*

For various reasons, Movants seek for the court to either (1) quash the subpoena issued to their respective ISPs, pursuant to Fed. R. Civ. P. 45; or (2) enter a protective order, pursuant to Fed. R. Civ. P. 26(c) and/or Fed. R. Civ. P. 30(d). However, as a procedural matter, the court finds that these rules cannot provide Movants with the relief they seek.

First, Fed. R. Civ. P. 26(c)(1) provides that "[a] *party* or any *person from whom discovery is sought* may move for a protective order" in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." (emphasis added). Here, as discussed above, Movants are not yet parties to this action. Furthermore, no discovery has been sought from them; rather, Plaintiff was authorized to seek discovery from Movants' ISPs. As such, Rule 26(c)(1) is an improper vehicle for providing Movants' with the relief they seek.

Second, although a protective order may be sought under Rule 30(d), *see McClelland v. Blazin' Wings, Inc.,* 675 F. Supp. 2d 1074, 1082 (D. Colo. 2009), that rule is only applicable to a

*deposition* that is " being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed R. Civ. P. 30(d)(3)(A). Because no deposition has been authorized or otherwise occurred in this case, Rule 30(d) is plainly inapposite.

Finally, the court finds that it would be procedurally improper to quash the subpoenas issued to Movants' ISPs pursuant to Rule 45(c)(3). That rule plainly provides that only "the *issuing court*" may quash or modify a subpoena. Fed. R. Civ. P. 45(c)(3)(A) (emphasis added); *see also In re Sealed Case,* 141 F.3d 337, 341 (D.C. Cir. 1998) (only the issuing court has the power to act on its subpoenas); *In re Digital Equip. Corp.* 949 F.2d 228, 231 (8th Cir. 1991) (court in district where underlying action was pending did not have jurisdiction to rule on objections to deposition subpoenas obtained in another district). "Subpoenas are process of the issuing court, and nothing in the rules even hints that any other court may be given the power to quash or enforce them." *In re Sealed Case*, 141 F.3d at 341 (internal citations omitted). Here, the subpoenas issued to Movants' ISPs all appear to have been issued from outside this district.[6]

To be sure, this court has previously opined that "[i]t is beyond cavil, however, that the broad outlines of discovery in a civil case are controlled by the court where the case is filed." *Straily v. UBS Fin. Servs.,* No. 07-cv-00884-REB-KMT, 2008 WL 5378148, at *2 (Dec. 23,

---

[6] Concededly, there is some dispute as to where the subpoena served on Movant Shaw's ISP was issued from—Movant Shaw contends that this district issued the subpoena (Shaw Mot. Quash at 2), whereas Plaintiff contends that it was issued from the District Court for the District of Columbia. (Resp. Shaw Mot. Quash at 2.) However, because Movant Shaw has not attached a copy of that subpoena to his Motion to Quash, the court is unable to conclude that it has jurisdiction under Rule 45(c) to quash the subpoena issued to his ISP.

2008); *see also Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431 (M.D.N.C. 2001) (court in district where case was pending had authority to issue protective order, pursuant to its right to control general outline of discovery, even though the particular discovery dispute arose from a subpoena issued in another district); *Best Western Int'l, Inc. v. Doe*, No. CV-06-1537-PHX-DGC, 2006 WL 2091695, at *2 (D. Ariz. July 25, 2006) (Rule 45(c) provides that subpoenas should be enforced by the district court which issued them, but this rule does not alter the broader concept that the district court in which an action is pending has the right and responsibility to control the broad outline of discovery); *Platinum Air Charters, LLC v. Aviation Ventures, Inc.*, No. 2:05-cv-01451-RCJ-LRL, 2007 WL 121674, at *3 (D. Nev. Jan. 10, 2007) (same).  Thus, it is within the court's authority to reconsider its Order Granting Early Discovery—which, if vacated, would have the effect of nullifying any outstanding subpoenas issued from outside this district.  However, the court finds that it lacks authority *under Rule 45(c)* to quash these subpoenas.  Accordingly, the court denies Movants' Motions to the extent that they seek (1) to quash the subpoenas issued to their respective ISPs pursuant to Rule 45(c), and (2) a protective order pursuant to Rule 26(c) and/or 30(d).

### D. *Reconsideration of the Court's Order Granting Early Discovery*

As previously noted, Movants Robert Roe, Richard Roe, and Sam Soe seek reconsideration of this court's Order Granting Early Discovery to the extent that it permits expedited discovery about their and the other alleged "joint tortfeasors'" identities.  Other courts have found that non-parties may seek reconsideration of a previously-entered court order under these circumstances.  *Pacific Century Int'l, Ltd. v. John Doe,* No. Civ 2:11-cv-3479-KJM-JFM,

2012 WL 2522146, at *3-4 (E.D. Cal. June 28, 2012); *CP Prod. v. John Doe,* No. 12-cv-0616 WBS JFM, 2012 WL 3205621, at *2-3 (E.D. Cal. July 31, 2012). Indeed, because the court's Order Granting Early Discovery authorized Plaintiff to seek Movants' personally identifying information from their respective ISPs, equity favors allowing Movants to challenge that order. *Cf. Malibu Media v. John Does 1-6,* No. 12-cv-00845-MSK-MEH, 2012 WL 3590906, at *2 (D. Colo. Aug. 21, 2012) (A party has standing to challenge a subpoena served on a third party on the basis of privilege, personal interest, or proprietary interest); *Cinetel Films, Inc. v. Does 1-1,0152,* 853 F. Supp. 2d 545 (D. Md. 2012) (quoting *Third Degree Films, Inc. v. Does 1-108,* No. DKC 11-3007, 2012 WL 669055, at *2 (D. Md. Feb. 23, 2010)) (A party need only have *some* personal right or privilege in the information sought to have standing to challenge a subpoena to a third party.)

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration are "not uncommon in federal practice." *Shields v. Shetler,* 120 F.R.D. 123, 125-26 (D. Colo. 1988). "A motion for reconsideration must do two things: First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* at 126 (citation and internal quotations marks omitted).

The three main grounds that justify reconsideration are "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider must, "among other things, present matter that is material and of

such importance that it would likely alter the outcome . . . ." *Aldrich Enters., Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir. 1991).  Put simply, a motion to reconsider is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012.  A motion to reconsider "should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *National Business Brokers, Ltd. v. Jim Williamson Products, Inc.*, 115 F.Supp.2d 1250, 1256 (D.Colo.2000) (internal citations and quotation marks omitted).

The court finds that reconsideration is warranted to correct clear error as the court now concludes that discovery into the identities of the "joint tortfeasors" was unnecessary to identify the sole John Doe defendant, now identified as Mr. Cisa.  In the court's Order Granting Early Discovery, the court found that good cause existed to permit early discovery because Plaintiff would be unable to identify Defendant's and his "joint tortfeasors'" identities without the benefit of formal discovery mechanisms.  This conclusion was correct as to Defendant Cisa.  The Complaint identified him as a John Doe defendant; as such, without obtaining discovery into his identity, Plaintiff would not be able to proceed with this lawsuit.

However, as already discussed, the original Complaint named *only* Mr. Cisa as a John Doe defendant; it did not include the alleged "joint tortfeasors" as additional defendants.  Nor does Plaintiff's more recently-filed Amended Complaint name the alleged "joint tortfeasors" as defendants.  Although Plaintiff contended in its original Complaint that it would "seek leave of the Court to amend this complaint to join John Doe's joint tortfeasors as defendants in this action" (Orig. Compl. ¶ 46), it is far from clear that the court would permit such joinder.  *See,*

*e.g., Malibu Media, LLC v. Does 1-28,* No. 12-cv-2599-WJM-MEH, 2012 WL 4755358 (D. Colo. Oct. 5, 2012) (finding allegations that defendants participated in the same BitTorrent swarm insufficient to satisfy Fed. R. Civ. P. 20's permissive joinder standard).

Further, because the court granted Plaintiff's request for expedited discovery regarding Defendant Cisa's identity, Plaintiff's argument that it could not proceed with this action without discovering the identities of the alleged "joint tortfeasors" is unconvincing. Plaintiff was given authority to issue a subpoena to Defendant Cisa's ISP, and ostensibly was provided with sufficient information not only to identify Cisa, but also to serve process and proceed with this action. Plaintiff does not need additional expedited discovery to proceed with this action and, therefore, the court finds that it erred in concluding that Plaintiff had demonstrated good cause to conduct early discovery into the alleged "joint tortfeasors'" identities.

In its Early Discovery Motion, Plaintiff also argued that early discovery into the "joint tortfeasors'" identities was supported by the risk that the "joint tortfeasors'" ISPs would erase data relating to the "joint tortfeasors'" identities. (Early Discovery Mot. at 4-5.) However, unless and until Plaintiff actually names the alleged "joint tortfeasors" as defendants, and sets forth sufficient facts to permit their joinder in this action, information relating to the their identities is irrelevant to Plaintiff's claims. *Pacific Century Int'l, Ltd. v. Does 1-37,* 282 F.R.D. 189, 195 (N.D. Ill. 2012). Although the "joint tortfeasors'" *actions* may be relevant to Plaintiff's civil conspiracy and contributory infringement claims against Defendant Cisa, their *identities* are not because, "BitTorrent users remain anonymous to other BitTorrent users, and have no connection to them beyond the mere fact that they downloaded the same file." *Id.* Indeed, as

Plaintiff admits (*see* Orig. Compl. ¶ 16), "a BitTorrent user will have no information about other users other than their IP addresses, the same information that [Plaintiff] *already possesses*." *Id.* 195 n.13 (citing *MCGIP, LLC v. Does 1-30,* No. C11-03680 HRL, 2011 WL 3501720, at *1 (N.D. Cal. Aug. 10, 2011)) (emphasis added). In other words, Plaintiff can prove its allegations of civil conspiracy[7] and contributory infringement against Defendant Cisa without obtaining the "joint tortfeasors'" identities. Thus, Plaintiff did not require discovery relating to the joint tortfeasors' identities on an expedited basis and also did not have any interest in preserving that information from destruction. Accordingly, although not directly considered in the Order Granting Early Discovery, this argument also falls short of demonstrating good cause to conduct early discovery regarding the "joint tortfeasors'" identities.

Finally, Plaintiff also asserted that expedited discovery into the "joint tortfeasors'" identities was necessary because the infringement of the Video "is ongoing and continuous" and thus Plaintiff needs to "take quick actions to prevent further irreparable harm." (Early Discovery Mot. at 5.) This concern is clearly unconvincing as, again, Plaintiff did not include the "joint tortfeasors" as defendants in its original Complaint, and has still not done so in its Amended Complaint. Simply put, if the threatened harm was indeed "ongoing" and "irreparable," Plaintiff would have at least attempted to name the "joint tortfeasors" as defendants by now.

---

[7] The court also notes that a number of courts have held that "a state law civil conspiracy claim is preempted by the federal Copyright Act." *See, e.g., Millenium TGA, Inc. v. Comcast Cable Commc'ns LLC,* --- F.R.D. ----, 2012 WL 1371426, at *6 (D.D.C. June 25, 2012) (collecting cases).

Altogether, upon reconsideration, the court finds that Plaintiff failed to show good cause to seek expedited discovery inquiring into the identities of Defendant's "joint tortfeasors." Accordingly, the court will vacate that portion of the Order Granting Early Discovery as to the non-party alleged "joint tortfeasors."

Therefore, for the foregoing reasons, its is

ORDERED that "Movant S. Shaw [sic] (184.99.233.13) Motion for Leave to Proceed Anonymously" (Doc. No. 73) is GRANTED. Movant Shaw and the remaining Movants are permitted to proceed anonymously for the limited purpose of presenting the motions addressed in this order.

It is further

ORDERED that John Doe #1's "Motion to Quash, Sever, and Dismiss" (Doc. No. 44); John Doe #2's "Motion to Sever Doe 64.121.23.64 as a Defendant, Motion to Quash the Subpoena Served Upon RCN Telecom Services, LLC, and Motion for a Protective Order" (Doc. No. 71); and "Movant Sebastian Shaw's Motion to Quash the Subpoena and Accompanying Memorandum of Authorities" (Doc. No. 74) are DENIED.

It is further

ORDERED that "Robert Roe's (IP Address 64.2343.216.188) Motion to Dismiss and/or Issue a Protective Order, and Incorporated Memorandum of Law" (Doc. No. 15); the "Motion by Richard Roe (Identified as IP Address 98.168.237.107) to Quash Subpoena and/or Issue a Protective Order, and Incorporated Memorandum of Law" (Doc. No. 19); and "Sam Soe's (IP

Address 96.32.247.127) Motion to Dismiss and/or Issue a Protective Order, and Incorporated Memorandum of Law" (Doc. No. 32) are GRANTED in part and DENIED in part as follows:

1. The Motions (Doc. Nos. 15, 19, and 32) are DENIED to the extent that they seek (1) to dismiss Plaintiff's claims of civil conspiracy and/or all causes of actions pursuant to Fed. R. Civ. P. 12, and (2) a protective order pursuant to Fed. R. Civ. P. 26 and/or 30(d).

2. The Motions (Doc. Nos. 15, 19, and 32) are GRANTED to the extent that they seek reconsideration of the court's Order Granting Early Discovery (Doc. No. 10). The Order Granting Early Discovery (Doc. No. 10) is VACATED to the extent it grants Plaintiff leave to conduct expedited discovery as to Defendant's "joint tortfeasors." All outstanding subpoenas seeking discovery as to the non-party "joint tortfeasors" are hereby QUASHED. Plaintiff is directed to serve a copy of this order on all ISPs named in Exhibit A of the Original Complaint (Doc. No. 1-1). The ISPs may then serve a copy of this order upon its relevant

subscribers. Insofar as any personal identifying information of the non-party "joint tortfeasors" has already been provided to Plaintiff from the "joint tortfeasors'" ISPs, Plaintiff is prohibited from further communicating with these subscribers.

Dated this 19th day of October, 2012.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge